MARGARETTA LAWRENCE'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, p. 371, sec. 12,) which provides that on the refusal of an executor to accept the trust the court of probate shall commit the administration with the will annexed to the widow or next of kin, does not apply to the case of a non-resident testator having estate in this state.

The court would, as a matter of course, concede to the executor of the will the right to prove the will in this state and would appoint an administrator with the will annexed only in case of his intentional refusal to act.

But this intentional refusal need not be express or formal, but the court may find it in his silence and inaction.

Where a testator domiciled in the state of New York at the time of his death, left real estate in this state and creditors here, and the executors upon due presentment in that state refused to pay the claims of the creditors here, and paid all other claims and divided the remaining estate among heirs, taking there for that purpose the rents of the estate here, and omitted for eight years to prove the will in this state or give the creditors here any opportunity through them to reach the estate here, it was held that the probate court might properly find that the executors had refused to prove the will here.

The presentation by creditors here of their claims to the executors in

another state, and their neglect upon refusal to take proceedings in the courts of that state, do not impair their right to the interposition of our courts in their behalf. Failing there, they had the right to enforce their claims through the more convenient process of auxiliary administration here.

The statute (Gen. Statutes, p. 372, sec. 3) which provides that administration shall not be granted after seven years, applies only to intestate estates. The appointment of an administrator with a will annexed is governed by the statute (Gen. Statutes, p. 371, sec. 11,) which allows ten years for the proof of wills.

Under the statute (Gen. Statutes, p. 375, sec. 1,) which provides that "the estate of any deceased person may be settled as an insolvent estate, if the court of probate deem it expedient," it is not necessary that there should be a special finding by the court that it is expedient, but the judgment of the court that it is so is implied in its orders.

Held to be no objection to an order for the sale of real estate here to pay debts, that there was personal property in the state of principal administration sufficient for their payment.

And that a court of probate had no right, as a matter of discretion, to refuse to order a sale of real estate here in view of the personal property there.

And that the long delay of the creditors in taking proceedings in this state was no objection to such an order of sale, so long as the time had not expired for proving the will.

And held that it was not necessary for the court to set out dower to the widow in the real estate here, under the statute (Gen. Statutes, p. 375, sec. 4,) because the widow had accepted in the courts of New York the provision made for her by the will in lieu of dower; and although that provision was the use of·one third of the entire estate for life, it did not appear that the land here was any part of the third set to her or that she had any interest in it.

Where an administrator credits himself in his administration account in the probate court with the entire amount of the claims allowed by the commissioners, and asks for an order to sell land to pay the balance in his favor, it is to be taken as a method of informing the court of the amount to be raised by the sale and not as an assertion of actual payment.

The statute (Gen. Statutes, p. 395, sec. 42,) directs that all probate notices required to be advertised in a newspaper shall be "published in a daily newspaper, or, if there be none, in a weekly newspaper, published in the county where the court ordering the notice is held, and having a circulation in the probate district." Held that where the court ordered such a notice to be published "in a newspaper published in the county," but it was in fact inserted in a daily newspaper published in a city in the probate district and circulating in the district, the actual compliance with the law in the mode of publishing the notice rendered a sale of real estate under it valid, in spite of the defect in the order.

The statute (Gen. Statutes, p. 394, sec. 36,) provides for an order for the sale of real estate to pay debts " in such manner as shall appear to said

court to be most for the benefit of the estate." An order was made to sell "either at public or private sale as should be deemed to the best advantage." The sale was made at public auction. Held that this being the mode of sale favored by the law, the sale was good, without regard to the alternative character of the order, the question of the regularity of which was not considered.

A party wishing to contest before the Superior Court a claim allowed by commissioners on an insolvent estate, can do so only by appealing from the doings of the commissioners, and not by an appeal from the decree of the probate court accepting their report.

APPEAL from sundry decrees of the probate court of the district of New Haven in the settlement of the estate of John R. Lawrence; taken to the Superior Court in New Haven County, and heard before *Hovey, J.* The following are the principal facts in the case.

John R. Lawrence died in 1872, a resident of New York city, leaving property there situate largely in excess of his debts, and real estate in the city of New Haven, in this state. He was indebted to citizens of the latter city in excess of the value of the estate there situate.

He made his widow, son, and son-in-law executors of his will; they proved and executed it in New York. In 1877 the creditors resident in New Haven presented their claims in New York; payment was refused. On March 15th, 1880, they notified the son, then the acting executor with the assent of his co-executors, that on the 19th day of that month they should present a copy of the will to the probate court for the district of New Haven, and ask for the appointment of an administrator with the will annexed, for the purpose of applying the real estate in New Haven towards the payment of their claims. No one of the executors appearing, the probate court on the day named admitted the will to probate, ordered it to be recorded, and on March 29th, 1880, at the request of a creditor, granted letters of administration with the will annexed to William P. Niles, who accepted the trust and gave a bond with surety which was approved by the court. On the same day the court passed an order allowing him two months within which to inventory and appraise the

estate, and appointing appraisers; an order allowing twelve months within which to settle it; an order for the appointment on April 5th, 1880, of commissioners to receive and decide upon claims; and an order requiring the administrator to cite all persons interested then to appear and be heard relative to such appointment, by advertisement in a newspaper published in New Haven. On April 5th, 1880, the probate court appointed the commissioners, prescribed the notice to be given of their appointment and of the times and places of their meeting, and allowed the creditors six months within which to exhibit their claims. On May 15th, 1880, the administrator returned the inventory and appraisal into court, and they were accepted and recorded. On September 15th, 1880, the tenant occupying the estate in New Haven gave notice to John Lawrence, one of the executors under whom he held, of all the proceedings in the probate court up to that date, and informed him that unless he attended to the matter at once the estate would go out of his hands. On October 6th, 1880, the commissioners submitted their report to the court, allowing claims to the amount of $20,259.86, which was accepted. On October 29th, 1880, the administration account was presented and allowed, the administrator crediting himself in it for the full amount of the claims reported, and on the same day the court ordered the administrator to sell so much of the real estate belonging to the deceased as would pay the debts with incidental charges of sale, either at public auction or private sale, as should be deemed to the best advantage, and make return of the order with his doings thereon; notice of such sale to be given by advertisement in a newspaper published in New Haven County, and by posting a notice on the public sign-post within the same town nearest to the real estate to be sold, and to make return of the notice. Very soon after the making of these orders, and after a single advertisement in a daily newspaper published in New Haven, and having a circulation within the probate district, the administrator sold the land to the tenant who held under the executors.

The will in question contains the following provision:
" *Third.* All the rest and residue of my estate, real and
personal, of whatever nature and kind and wheresoever sit-
uate, I may have or own at the time of my decease, I give,
devise and bequeath as follows : 1st. To my said wife, Mar-
garetta Lawrence, if living at my decease, the use, rent and
income of one-third part thereof net, so long as she shall
remain my widow, to be enjoyed, had and received by her
as the same shall exist, arise and accrue, and to be in lieu
of and a bar to dower." On November 27th, 1880, Mrs.
Lawrence gave written notice to the probate court in New
Haven that she declined to accept the interest in the land
in New Haven which was devised to her. A long time
before the will was proved in New Haven she had accepted
in New York the provision made for her in the will in lieu
of dower.

The widow took an appeal from all of the orders of the
probate court; the Superior Court affirmed them.    She
thereupon brought the case before this court by a motion in
error.

The opinion of the court will be sufficiently understood
as to other points in the case, without a statement of all
the facts with regard to them.

*S. E. Baldwin* and *J. H. Whiting*, for plaintiff in error.

1. The right of the probate court to appoint an outsider
as administrator with the will annexed, depended on two
facts, both of which must exist to authorize the appoint-
ment; first, the refusal of the executors to accept; and
second, after such refusal, the citation of the widow and
next of kin of the deceased, and their refusal, neglect of
appearance, or incapacity to act.    Gen. Statutes, p. 371,
sec. 12; id., p. 56, sec. 16.  In this case there was no actual
refusal on the part of the executors ; neither of them ever
renounced the executorship; and no citation was ever or-
dered to the .appellant or to the next of kin.    *Ames's
Appeal from Probate,* 39 Conn., 258.    They were entitled
to be formally cited in before the will could be admitted to

probate. "May cite," in the statutes, means "shall cite."
Sedgwick on Statutory Law, 375. Mrs. Jacobs, aside from
the executors, was entitled to this notice, as one of the next
of kin. *Cobb* v. *Newcomb*, '19 Pick., 336, 338. And they
had the right to elect, after the decree admitting the will to
probate, whether they would accept or refuse the adminis-
tration. *Stebbins* v. *Lathrop*, 4 Pick., 33, 45. And this re-
fusal not being made in open court, nor in writing, the
records must show the evidence and circumstances from
which it was implied. *Solomon* v. *Wixon*, 27 Conn., 520,
526. Refusal out of court, had they made such a refusal in
fact, would not have been sufficient. *Muirhead* v. *Muir-
head*, 6 Sm. & Marsh., 451, 455; *Stebbins* v. *Lathrop*, 4
Pick., 44. But they never, in fact, refused. Mere non-
appearance would be no refusal, even had they been noti-
fied to appear. Even had they appeared and opposed the
probate, they should still have been entitled to administer,
if the probate were granted. *Stebbins* v. *Lathrop*, supra;
*Rinehart* v. *Rinehart*, 27 N. Jer. Eq., 475; *Briscoe's Devi-
sees* v. *Wickliffe*, 6 Dana, 169.

2. These creditors had no right to have an administra-
tor appointed after seven years from the death of John R.
Lawrence. Gen. Statutes, p. 372, sec. 3. The provisions
of Gen. Statutes, p. 371, sec. 11, giving ten years for prov-
ing a will, are intended for the benefit of those interested
under the will at the time of the decease of the testator,
not to give creditors relief from the consequences of their
laches in enforcing their claims. *Goodman* v. *Russ*, 14
Conn., 210. The statute allows the proving of a will after
seven and within ten years, to meet such a case as that
where a title must be made under a devise; and does not
justify granting administration, at the request of a creditor,
for the express and only purpose of avoiding the will, and
taking the property devised away from the devisees. Both
these provisions come directly from the Revision of 1821,
where they appear in one section, (p. 209, sec. 39.) The
division into two sections, without material change of lan-
guage, cannot have altered the application of the limitation
to all estates.

3. This will, having but two witnesses, was only valid here by General Statutes, p. 369, sec. 2. But this statute is for the purpose of making such wills "effectual to pass any estate of the testator situated in this state." The statute made the will in question effectual to pass the title to the devisees. It should not be construed to extend the time for taking administration, so as to pass it away from them; still less so as to pass it away after it was thus vested, without notice to them. A creditor of a devisee therein might have an equitable claim. *Stebbins* v. *Lathrop*, supra. But it made no difference to creditors of the testator whether there was a will or not. The will could not limit their rights. Why should it increase or extend them? The statute has its full effect when the will is probated here. It does not necessarily contemplate or authorize in all cases a consequent grant of administration. *Crusoe* v. *Butler*, 36 Miss., 150.

4. These creditors having presented their claims to the executors in New York, the place of principal administration, should have pursued their remedies there, where there were assets sufficient to pay them in full; and the fact that they did not do so, and their delay both in presenting their claims in New York and then in procuring probate of the will here, not only raises a suspicion which required explanation, but worked an absolute extinguishment of their right to the interposition of our courts for their assistance. *In the goods of Darling*, 3 Hagg. Eccl. R., 561; *Livermore* v. *Haven*, 23 Pick, 116; *Fay* v. *Haven*, 3 Met., 109; *Lawrence* v. *Kitteridge*, 21 Conn., 577; *Marcy* v. *Marcy*, 32 id., 323; *Wooster* v. *Hunts Lyman Iron Co.*, 38 id., 256. If we are right in the positions thus far taken, the orders probating the will and appointing an administrator are without jurisdiction, and all the rest must fall with them.

5. The estate of John R. Lawrence was not insolvent in fact. It was largely solvent, and amounted to over $200,000. The administrator's representing it insolvent, did not bring it under section 1, p. 375, of the General Statutes, as there is no finding or pretence that it was expe-

dient to settle it as such.  Therefore there was no authority for the appointment of commissioners.  Notice also should have been specially ordered to the appellant, being a non-resident, of the time for making such appointment; and the only notice ordered here was insufficient, even as to resident parties.  Acts of 1878, p. 354, sec. 1.  The sufficiency of all these orders of notice, though the probate court may have exercised its judicial discretion in prescribing the mode ,of notice, is still examinable here, since the Superior Court is itself a probate court on appeal.  *Webster* v. *Merriam*, 9 Conn., 231.

6.  If the estate was in fact insolvent, as represented, the appellant was entitled to her dower in this real estate. Gen. Statutes, p. 375, sec. 4.  Even if bound by her acceptance of the provisions of the will under the New York probate, upon the failure of its provision in lieu of dower, in whole or in part, the right of dower revives.  *Hastings* v. *Clifford*, 32 Maine, 132.  The decree accepting the inventory, in which no reference is made to whether dower is allowed for, or not, in the appraisal, was therefore erroneous.  This administration is not ancillary to that in New York.  So far as these proceedings are concerned, they cannot be sustained except upon the supposition that this estate is all there is; and the appellant having filed her election of dower within the statutory time, her rights cannot depend upon what occurred elsewhere.  Besides, it is expressly found that she accepted in New York only.  If the existence of personal property there, largely in excess of all debts, real or fictitious, does not prevent the estate here from being insolvent, then what may have been done by the appellant in accepting the provisions of the will in lieu of dower in that jurisdiction, can not affect her right here.

7.  The tax bill presented to the commissioners, for a tax accruing long after the death of Mr. Lawrence, was improperly allowed by them, and their report should not have been accepted, nor the administration account based upon it approved.  A tax is no debt; and this one accrued

long after the testator's decease.  *Greenleaf* v. *Sabin*, 1 Root, 468; *Lane County* v. *Oregon*, 7 Wall., 71.

8.  The decree allowing the administration account was erroneous.   When the administrator exhibited his account for allowance, the court should have appointed a time and place for hearing the same thereafter, and directed a citation to all persons interested.   No such order was made, nor did the appellant, in fact, receive any notice of such hearing.  The account is also improperly drawn up.  It includes a credit for the full amount of claims allowed, $20,161.13, as if paid, when no part thereof had in fact been paid.

9.  The order of sale ought not to have been granted, because the creditors who asked it, through the administrator, if their claims had not been extinguished by novation, had been guilty of such laches as to forfeit their right to the assistance of the court.  Mr. Lawrence died in March, 1872, and these claims, if they existed then, should have been presented and enforced then.  There can be no claim that this is recently discovered property, for the land records show its ownership.  In support of this view, we refer again to the authorities on laches given under our fourth point.

10.  The order of sale did not comply with the statute. It should have directed either a public or private sale; or at least showed which mode appeared best to the court. Gen. Statutes, p. 394, sec. 36.  Nor was it required, as the will made sufficient provision for sale of real estate, if necessary; while no such sale was necessary, as there was over $100,000 of personal property not needed for the payment of debts.  Nor was it sufficiently specific as to the newspaper in which the sale should be advertised, and that it must be one circulating in the probate district, and a daily one.   Acts of 1875, p. 64; Gen. Statutes, p. 395, sec. 42. It was also invalid because it was not made subject to the appellant's right of dower, nor was any reference made to it, nor had it been previously set out.   Gen. Statutes, p. 375, sec. 4.

*J. S. Beach*, for the defendants in error.

PARDEE, J.   The appellant insists that the right of the probate court in this state to appoint a creditor as administrator with the will annexed, depended upon two facts— first, the refusal of the executor to accept; second, after such refusal, the citation of the widow and next of kin of the deceased, and their refusal, neglect of appearance, or incapacity to act; and cites the statute, which is in these words: "Upon the refusal of an executor to accept the trust or give a bond, the court shall commit administration of the estate with the will annexed to the widow or next of kin of the deceased, and may cite them to appear before it, and upon their refusal, or neglect of appearance, or incapacity, may grant the administration to one of the principal creditors, or on their refusal to such other person as the court shall think fit." Revision of 1875, p. 371, sec. 12. She denies that she has either refused or renounced executorship, and says that no citation was ordered either to herself or to the next of kin.

But this is a rule for the guidance of the probate court in confiding administration upon the estates of deceased residents, and does not govern the case before us.   This view is not only reasonable in itself, in consideration of the special interest of creditors in the estate of a non-resident decedent, making it the duty of the court to place their rights before those of mere kindred, but is supported by the fact that precisely this distinction is made by the statute with regard to intestate estates.   This statute (Revision of 1875, p. 372, sec. 1,) provides that "when any person shall die intestate, the court of probate in the district in which the deceased last dwelt, shall grant administration of his estate to his widow, or next of kin, or to both, or, on their refusal or incapacity, to some other person, as said court shall judge fit; and when a person living out of the state shall die intestate, leaving property within the state, administration may be granted in any district where the estate or some part thereof shall be, to such person as the

court shall see fit." Where, in the case of a testate non-resident, the executor neglects or refuses to act in this state, there is no reason why the appointment of the administrator with the will annexed should not be left wholly to the discretion of the judge of probate as much as the appointment of the administrator in the case of a non-resident intestate.

Upon the death of a testate non-resident, leaving sufficient estate in the state of residence to satisfy the claims of all creditors, and real estate and creditors in this state, the probate court would, as a matter of course, concede to the appellant, being executrix in the state of residence, the privilege before all others of proving the will and applying the estate here to the payment of claims here ; and would not bar her from that privilege unless well satisfied that she had intentionally renounced it. If upon due presentment to her in the state of residence she refuses to pay these, pays all other claims, divides the remaining estate among heirs, taking there for that purpose the rents and profits of the ʳestate here, and omits during eight years to prove the will, or give any opportunity here to these creditors to appropriate the estate through her in her representative capacity, the probate court may well find an intentional refusal by her to execute the will in this state; for such refusal need not be express or formal; need not be by word or in writing ; the court called upon to determine its existence may find it in silence and inaction. *Ayres* v. *Weed*, 16 Conn., 291; *Solomon* v. *Wixon*, 27 Conn., 520. And the court having knowledge that there are creditors here and that the person whose privilege and duty it is to appear and administer the estate here for their benefit has neglected and refused so to do, these creditors then, in the consideration of that court, supplant the foreign heirs, and become the primary objects of its concern. Thenceforth it is the duty of the court to assist them in obtaining payment of their claims from the estate here, that they may be saved the loss of time and money consequent upon efforts to enforce payment in a foreign jurisdiction. For

debts due to citizens of the state where auxiliary adminis-
tration exists are upon their request to be paid by that
administration before any portion of the estate shall be
allowed to pass out of that jurisdiction. Williams on
Executors, 1664, and notes.

And neither the 'duty of the court to assist them, nor
their right to its assistance in that behalf, depends upon
any precedent notice to foreign representatives or heirs. If
these value and desire to preserve to themselves the privi-
lege of appropriating the estate here to creditors here,
it is upon them to ask for and secure it; but if they ask
only after eight years' delay, and after administration has
by the probate court in the exercise of its discretion been
confided to and completed by creditors, they ask too late.

Again, the appellant cites the statute, Revision of 1875,
p. 372, sec. 3, which provides that "administration upon
the estate of any person shall not be granted after seven
years from his decease." But the statute also provides
(sec. 2, p. 369,) that "all wills executed according to the
laws of the state or country where they were executed
may be admitted to probate in this state, and shall be
effectual to pass any of the estate of the testator situated
in this state;" and (sec. 10, p. 370,) that "if the testa-
tor at his decease lived out of this state, the will may be
proved in any district in which the estate conveyed or
some part of it may be," and (sec. 11, p. 371,) that "no will
shall be proved after ten years from the death of the
testator."

The limitation of seven years in the first citation is appli-
cable only to intestate estates. The law intends to allow
a testator, resident or foreign, to speak by his will at any
time during ten years from his decease concerning the dis-
position of his estate in this state; and the will of Mr.
Lawrence completely governs the disposition of his estate
here, although executed through the instrumentality of an
auxiliary administrator. The will is his law as entirely as
if he had been appointed at the place of residence upon the
renunciation of all having precedent right to execute and

had brought it into this state and presented it for probate; and the right so to do would have been open to him under our statute, even if he had come to his office only after the lapse of eight years from the death of the testator. The existence of a will gave creditors here the benefit of a longer time in which to appropriate the estate here to the payment of their claims; an advantage of which they are not to be deprived because of a renunciation by all named executors. And the will having been proven here, whether by the executor or the auxiliary administrator, is proven for all purposes legally possible. Alike in the forum of the principal executorship and in this of the administration with the will annexed, creditors take precedence of heirs; and there is not in either forum execution or administration for the exclusive benefit of the latter.

It is claimed also that inasmuch as the estate was largely solvent, the representation by the administrator with the will annexed to the contrary did not bring it within the operation of the statute, (Revision of 1875, p. 375, sec. 1,) which provides that "the estate of any deceased person may be settled as an insolvent estate if the court deem it expedient;" that as there is no finding by the court as to such expediency it had no power to appoint commissioners; that there should have been a special notice to the appellant, a non-resident, of the time of making such appointment; and that the notice was insufficient even for residents. But the language of the statute is all inclusive— "the estate of any deceased person may be settled as an insolvent estate;" and the practice of thus settling estates upon the theory that the representatives of the deceased are at the outset unable to determine its condition with certainty, has long existed and has often received the implied approval of the courts. The determination of the probate court that it was expedient thus to settle the estate in question, is to be found in its various orders and decrees that it should be so done.

In reference to the matter of notice, the statute (Session Laws of 1878, p. 354, sec. 1,) requires that "the court of

probate shall direct the executor or administrator on every estate of a deceased person which shall be represented insolvent, * * to cite, by advertising in a newspaper published in the district wherein the estate is in settlement, * * all persons in interest to appear if they see cause before said court at the time and place appointed by said court and designated in the notice, to be heard relative to the appointment of commissioners to receive and decide upon the claims of creditors to said estate." In the decree of March 29th, 1880, the court ordered the appointment of commissioners on April 5th, 1880, stating time and place, and directed the "administrator with the will annexed to cite, by advertising in a newspaper published in the probate district of New Haven, all persons interested to appear at said time and place, and be heard relative to said appointment, and return make to this court of the notice given." This order is in full compliance with the statute, and it is found by the probate court to have been obeyed.

Again, the appellant insists that the presentment by the creditors in this state of their claims to the executors in New York, and their omission upon rejection to enforce payment in the courts of that state, worked an extinguishment of their right to the interposition of our courts in their behalf. We cannot accede to this. It was their right to ask for payment at the place of principal executorship; upon denial it was their right to enforce it through the more convenient process of auxiliary administration in this state.

Again, the appellant claims that, if the estate was in fact insolvent, she was entitled to dower in the real estate in New Haven, under the statute (Revision of 1875, p. 375, sec. 4,) which provides that "if on the report of commissioners the estate shall appear to be insolvent, the court shall set out to the widow her dower." But by the will she had the privilege of taking the use and income of one third of the entire estate in lieu and bar of dower, and she determined to avail herself of it. Presumably she has long received and is now receiving the income of a principal set

apart for her use, equal in amount to one third part of an estate of which the land in New Haven was inventoried as a part. It is not found that that piece of land constitutes a portion of that principal thus set apart, or that it is subject to any use in her behalf, or that she has any present interest in it. And in *Lord* v. *Lord*, 23 Conn., 327, it is said of a widow taking a legacy in lieu of dower, that "she is considered in the light of a purchaser; not taking her legacy as a gratuity, but as an equivalent for what she relinquishes; were it not so she might lose all her interest in the estate, for having relinquished her dower she cannot return to it afterwards and claim her former right, certainly not without great difficulty and embarrassment to the estate." The appellant is therefore now in no better condition to assert a claim against the land in New Haven than is any other legatee who has received his legacy in full from the executor in the state of residence.

Again, it is objected that the allowance by the commissioners as a preferred claim against the estate in New Haven of a tax assessed against it on the list of 1878 was illegal. The statute (Revision of 1875, p. 158, sec. 26,) provides that the estate of any deceased person not distributed or finally disposed of by the court of probate, "may be set in the list in the name of such estate or of the administrator or executor thereof, as such, and such property shall be liable for all taxes legally imposed thereon, for one year from the time when they become due." And section 15, (p. 163,) provides that "real estate, owned by any person, shall stand charged with his lawful taxes in preference to any other lien." Moreover, the remedy of the appellant was by appeal from the doings of the commissioners and not from the decree of the court. In *Moss's Appeal from Probate*, 36 Conn., 212, the court said: "The action of commissioners on an insolvent estate in allowing or rejecting claims presented against the estate, cannot be reviewed upon an appeal from the decree of the probate court accepting the commissioners' report, but only on an appeal taken directly from the doings of the commissioners." We think the objection not well taken.

Again, it is claimed to have been the duty of the probate court upon the exhibition of his account by the administrator for allowance, to appoint a time and place for hearing the same, and to direct a citation to all persons interested; and that the account is improperly drawn up, in that it credits itself with the amount of the claim allowed, as if paid, when no part thereof had then in fact been paid.

On October 25th, 1880, the probate court ordered the administrator to give public notice and to cite all persons interested to appear, by an advertisement in a newspaper published in New Haven County, and by posting a notice upon the public sign post in New Haven, that he would exhibit his account for adjustment and allowance at the probate court at two o'clock in the afternoon of the 29th day of that month; and the court on the last-named day found that such advertisement was published in a news-paper printed in New Haven, called the "Journal and Courier," and that such notice was posted on the sign post nearest to where the property is situated, in New Haven, all in accordance with the order. We have not in mind, and have not been pointed to, any statute requiring more than was done in this instance.

It is true that the administrator in form credits himself with this entry : "By general claims allowed by commissioners — $20,161.13;" but inasmuch as he immediately asks for leave to sell real estate for the payment thereof, it is to be taken as a method of informing the court as to the amount to be raised by such sale, rather than as an intentionally false assertion of actual payment.

Again, it is said that the probate court should not have granted the order for the sale of real estate, for the reason that the creditors whose claims had been allowed had forfeited their right to such an order from the court by reason of their long delay in presenting their claims. But the testator having left real estate in this state, his creditors here had the right to have it applied by his representative to the payment of their claims, and were never under any legal obligation to present them in the foreign forum of princi-

pal executorship. It was also their right to presume that the executor would voluntarily come into this jurisdiction, prove the will, give. them the opportunity here to present their claims, and if approved to receive payment from the estate here; and, upon this presumption, if they were willing to assume the risk of embarrassment in securing their rights because of intervening rights in others, they might in such waiting exhaust nearly the entire statutory limitation for proving the will here without subjecting themselves to a forfeiture of rights by laches.

It is said, too, by the appellant, that there was no necessity for the order of sale of real estate, for the reason that in the place of principal executorship there was sufficient personal property for the payment of all claims against the estate; and, that if such necessity had existed, the order did not comply with the statute requirement in that it did not specify whether the sale should be public or private; that it did not comply with the statute (Gen. Statutes, p. 395, sec. 42,) by ordering notice of the sale to be published in a daily newspaper circulating in New Haven; and that the sale was not made subject to the appellant's right of dower in the land. But, as we have said, it was the right of creditors here to ask the aid of the probate court in applying the real estate here to the payment of their claims through the instrumentality of an auxiliary administration; through that to apply and exhaust it in manner and form rendered necessary by the fact that the only asset here was land, and that of insufficient value to pay their entire claim.

In *Griswold* v. *Bigelow*, 6 Conn., 265, HOSMER, C. J., says : " I will dispose of one suggestion of a general nature made in the course of the argument. It was supposed that the order of sale by the court of probate is discretionary, and to this end were cited two determinations in a neighboring state, *Ex parte Allen*, 15 Mass. R., 58, and *Thompson* v. *Brown*, 16 Mass. R., 172. These decisions are, I think, misconceived. It never can be admitted that a probate judge, on principles of unlimited discretion, may refuse to

exercise this branch of his jurisdiction. * * But if the discretion were absolute the proceedings of the court of probate must be irreversible, as no error is predicable of a decision made on this unlimited principle."

Assuming that the statute law required the publication of notice of such sale of real estate in a daily newspaper printed in the county and circulating in the town of New Haven, and that the order of the court only required the publication in a newspaper published in the county, yet inasmuch as it is found that such notice was in fact inserted in a daily newspaper published in the town and circulating in the district of New Haven, we think that the full compliance with the law must have its effect, even if there be the claimed defect in the order. The law looks in such matters to the substance.

The statute (Revision of 1875, p. 394, sec. 36,) provides that "when debts * * exceed the value of the personal estate, said court may order the sale of so much of the real estate as may be sufficient to pay the same, * * in such manner as shall appear to said court to be most for the benefit of the estate." In the case before us the court ordered the administrator to sell the land "either at public auction or private sale, as should be deemed to the best advantage, &c." The sale was made at public auction, after an advertisement thereof in a daily newspaper, published and circulating in New Haven, and, as a sale of property at public auction after due notice is the legal synonym for a fair and advantageous sale, we think the sale should be regarded as legal without reference to the question whether the order was open to objection by reason of its alternative character. That question it is therefore unnecessary for us to consider.

There is no error in the judgment complained of.

In this opinion the other judges concurred.