## THE NEW HAVEN SAVINGS BANK'S APPEAL FROM COMMISSIONERS
### (Estate of Clifford E. Minor, Deceased)

Superior Court        New Haven County        File No. 60100

MEMORANDUM FILED SEPTEMBER 17, 1941.

*Wiggin & Dana,* of New Haven, for the Appellant.

*George W. Crawford* and *Joseph Weiner,* of New Haven, for the Appellees.

KING, J.   The New Haven Savings Bank presented a claim against the estate of Clifford F. Minor, deceased.   This estate has neither been represented to be, nor by anyone claimed to be, insolvent, and is being settled as a solvent estate.   After disallowance, by the executor, of the claim, which involved a note secured by mortgage, the claimant (The New Haven Savings Bank) moved for the appointment of commissioners on a solvent estate under the provisions of section 4920 of the General Statutes, Revision of 1930.   This was done and the claim allowed in full by the commissioners.   However, as a secured claim, the commissioners, over the objection of the claimant, evaluated the mortgage security in accordance with the provisions of section 4929 of the General Statutes, Revision of 1930, in terms applying to insolvent estates.   The value of the security so fixed was about double the amount of the claim as allowed, and the claimant appealed to the Superior Court from the doings of the commissioners.   It thus appears that the real grievance of the appellant, prompting its appeal, is the action of the commissioners with respect to its security.

In the Superior Court the appellee (executor) claimed the case for the jury docket, and the claimant-appellant moved to strike it off, on the ground that no jury trial is authorized in an appeal from the doings of commissioners on a *solvent* (as distinguished from an *insolvent*) estate.   A literal reading of section 5624 of the General Statutes, Revision of 1930, alone, supports this view.

However, it is elementary that for many years it was cus-

tomary for the personal representative of an estate to repre-sent it as insolvent (regardless of its actual solvency) in order to have commissioners pass on the claims. This practice was at first condemned by the Supreme Court but in effect was subsequently authorized by the General Assembly. *Caf-frey vs. Alcorn,* 115 Conn. 605, 608; Gen. Stat. (1930) §§4923, 4934; *Lawrence's Appeal from Probate,* 49 Conn. 411, 423.

Long after this practice had become common, the General Assembly provided, in section 4920 of the General Statutes, Revision of 1930, for the appointment, at the request of the claimant, of commissioners in the case of an estate in settle-ment as solvent. The last sentence provides that "Any per-son aggrieved by the doings of such commissioners shall have the same right of appeal as provided by section 4993 in the case of commissioners on an insolvent estate." Section 4993 of the General Statutes, Revision of 1930, in express terms allows an appeal from the doings of commissioners on insol-vent estates. It makes no mention of whether there shall be a court or jury trial.

As a practical matter, due to the custom of permitting an estate to be settled as insolvent when it was, in fact, solvent, there was no necessity of enacting section 4920 except that it had not been customary for a claimant to be able to get a probate court to find it "expedient" to settle a solvent estate as insolvent under section 4934. In practice the option to request the probate court to authorize the settlement of an estate as insolvent, and so, obtain commissioners, had rested with the personal representative and was exercised by a "rep-resentation" of insolvency under section 4922. The General Assembly, by the enactment of section 4920, evidently wished to allow one who held a disallowed claim to have the right to request the probate court to appoint commissioners instead of leaving the option with the personal representative through the old machinery of a representation of insolvency.

The General Assembly's desire for an equality of procedure would be patently thwarted if the appeal permitted from the doings of commissioners could be only to the court in the case of a solvent estate and to either the court or jury in the case of an insolvent estate.

Furthermore, the condemnation of the practice of repre-

senting solvent estates as insolvent, voiced by the Supreme Court, and to some extent acquiesced in by the General Assembly as indicated by section 4935, may well have led the General Assembly to put beyond question the whole matter of the right of the probate court to authorize the appointment of commissioners on solvent estates. This was done by the enactment of section 4920. Both the personal representative and the claimant were given the same right to request such action by the probate court. This also militates against such a narrow construction of section 4920 as would deny a jury trial in the case of a solvent estate and grant it in the case of an insolvent estate. In many instances, especially in the case of nonresident claimants against estates in small communities, the right of trial by jury might conceivably be thought advantageous to the estate rather than to the claimant.

It is true that probate proceedings are statutory, and that there is no right of trial by jury except as authorized by statute. However, a consideration of section 4920 clearly discloses a legislative intention that appeals in either type of estate should be substantially similar. And this intention is also fairly expressed in section 4920.

Practically the same considerations arise in determining whether commissioners on a solvent estate may evaluate security under the provisions of section 4929. Such a power, if it exists, must be found in 4920. And yet it is hardly conceivable that such a power does not exist. Certainly equity would never permit a claimant to keep his security and also receive payment for his claim in full.

It may be awkward so to frame the issues as to leave to a jury the question of the evaluation of security. However, this difficulty (which does not seem very great) would apply equally in the case of a jury trial on an appeal in an insolvent estate. And it is in cases involving insolvent estates where creditors would ordinarily be concerned with the evaluation of security and, so, where such questions would most frequently arise.

The motion to strike from the jury docket is denied.

----

Supplemental Memorandum on Motion to Strike from Jury Docket
(September 18, 1941)

In the second paragraph on page three of a memorandum

filed September 17, 1941, denying the motion to strike from the jury docket, the third sentence reads: "Both the personal representative and the claimant were given the same right to request such action by the Probate Court." This is erroneous, since section 4920 of the General Statutes, Revision of 1930, provides that the appointment of commissioners on a solvent estate may be made by the Probate Court after application made by a creditor whose claim has been disallowed.

Such an application by the personal representative is not authorized by section 4920, presumably because, as pointed out on page two of the original memorandum, he may proceed to the same result through a "representation" of insolvency. *Lawrence's Appeal from Probate*, 49 Conn. 411, 423; *Reiley vs. Healey*, 124 id. 216, 222. See, also, *Clark vs. Diefendorf*, 109 id. 507, 509, where a jury trial was had on an appeal from the doings of commissioners appointed on the application of legatees under the provisions of section 4921.

While this error does not change the actual decision denying the motion to strike from the jury docket, and doubtless would have been, or already has been, noted by counsel for both parties, it has seemed best that this supplemental memorandum be filed by the court of its own motion in order to obviate any possibility that anyone might be misled by the erroneous statement in any further proceedings in the case.

The decision in the original memorandum denying the motion to strike from the jury docket stands, of course, unaffected by this supplemental memorandum.