SAMUEL FRISBIE, ADMINISTRATOR, *vs.* EDWARD M. PRES-
TON ET·AL.

First Judicial District, Hartford, March Term, 1896.   ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

Section 588 of the General Statutes provides that a creditor of an insol-
    vent estate who fails to present his claim within the time limited,
    shall be debarred of his claim unless he can show some estate not
    embraced in the inventory or accounted for by the executor or admin-
    istrator, in which case he shall notify the latter, who shall make an
    additional inventory of such newly discovered estate and the Court of
    Probate shall thereon pass upon the claim and, if allowed, order so
    much of the avails of such newly discovered estate to be paid to him
    as will make him equal to the other creditors.   *Held* that an admin-
    istrator with the will annexed upon an insolvent estate, could not
    maintain a suit to set aside a voluntary conveyance of real estate made
    by his testator to the defendants, until the requirements of the statute
    had been complied with.
The additional inventory and the presentation and allowance of the
    claim, constitute the basis upon which all subsequent proceedings
    prescribed by the statute, or otherwise requisite, rest and depend.
    And if the complaint fails to aver that these steps have been taken, it
    is essentially defective and demurrable for that reason.
It is immaterial that the complaint avers that the land is needed to pay
    an indebtedness of the estate ; for that fact can be made to appear in
    a legal way only by proper averments of a compliance with the statu-
    tory requisites.

Frisbie, Admr., v. Preston et al.

The complaint also averred that the person to whom the alleged debt was due, was entitled to a legacy of the same amount, which had been given by way of securing the debt, and prayed that upon this ground the deed to the defendants, if in fact delivered by the testator, might be set aside. *Held* that if the deed was delivered by the testator, the legacy would not be entitled to precedence over the voluntary conveyance thereby perfected in the defendants; that the plaintiff was not aided in his suit by the averments respecting the legacy, and that the demurrer to the complaint as a whole was properly sustained.

[Argued March 5th—decided March 26th, 1896.]

SUIT praying that a conveyance of certain real estate made by the plaintiff's intestate to the defendants might be adjudged void and set aside, and for other equitable relief; brought to the Superior Court in Hartford County and tried to the court, *Thayer, J.*, upon the defendants' demurrer to the complaint; the court sustained the demurrer in part and rendered judgment for the defendants, and the plaintiff appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*John O'Neill*, with whom was *Frank W. Etheridge*, for the appellant (plaintiff).

It was unnecessary for the plaintiff to allege a compliance with the provisions of § 588 of the General Statutes. *Minor* v. *Mead*, 3 Conn., 289; *Andruss* v. *Doolittle*, 11 id., 283; *Bassett* v. *McKenna*, 52 id., 438; *Booth* v. *Starr*, 5 Day, 419. One of the purposes of this bill is to remove the cloud from the title, and plainly a court of equity has this jurisdiction, irrespective of an inventory and order of sale by the Court of Probate. 1 Sw. Dig., t. p. 177; *Peasley* v. *Peasley*, 1 D. Chipman (Vt.), 331; *Martin* v. *Martin*, 1 Vt., 91; 2 Laws of Vermont (Thompson), 64; *McLean* v. *Johnson*, 43 Vt., 48. Courts of chancery as well as probate courts have jurisdiction to administer the estates of deceased persons. 1 Story's Eq. Jur., §§ 532, 550, 552. Another reason why the court should exercise its chancery powers is on the ground of mistake. Ellice Humiston believed her mortgage deed was good, and so believing, neglected to present her claim to commissioners.

Whether her mistake was one of fact or a mistake of law makes no difference, a court of chancery will aid her.

*Theodore M. Maltbie*, for appellees (defendants).

The administrator takes neither estate, title nor interest in the realty of his intestate. General Statutes, § 577, gives the administrator or executor possession of such real estate during the settlement of decedent's estate, and vests the income and products thereof in such representative. But under this statute the income of such real estate was not to be diverted from the heir or devisee, unless needed for the payment of debts. *Remington* v. *Amer. Bible Soc.*, 44 Conn., 512. If, under any circumstances, the administrator can institute proceedings to perfect the title or to set aside a conveyance by his decedent of real estate, he can only do so when in position to allege facts showing that he is duly authorized to appropriate the real estate, and that he has a right of action. He must allege the action of the Probate Court, the application for the order, the ground upon which it was asked, and the order itself. *Shelton* v. *Hadlock*, 62 Conn., 143. Under the circumstances of this case, it was necessary to allege that the property had been inventoried. General Statutes, §§ 578, 588. *Sackett* v. *Mead*, 1 Conn., 13; *Minor* v. *Mead*, 3 id., 289; *Williams* v. *Morehouse*, 9 id., 470; *Moore* v. *Holmes*, 32 id., 553; *Bassett* v. *McKenna*, 52 id., 437; *Beach* v. *Norton*, 9 id., 181. In the complaint, it is alleged that the conveyance to the defendants is voluntary. Such conveyance is valid, and the real estate is liable to be taken, if at all, only in the regular course of administration for the payment of debts duly allowed, and only so much thereof as is required for that purpose.

FENN, J. The sole plaintiff in the present action is, and is described as, the administrator with the will annexed on the estate of Eli D. Preston, late of Farmington, deceased. The defendants, seven in number, are alleged to claim interest in certain land by virtue of a deed of conveyance made, signed and acknowledged, by said Eli D. Preston in his life,

recorded on the land records of Farmington; which deed, it is further alleged, " was never delivered by the said Preston to the grantees named therein, and never became a completed conveyance, but the same was and is now null and void." A considerable part of the thirty-two paragraphs of the single count in the complaint is devoted to the statement of certain alleged obligations of the estate of said Eli D. Preston to his daughter-in-law, Ellice Preston, now by a subsequent marriage, Ellice Humiston, by reason of an indebtedness of $3,000 evidenced by a note for said sum and mortgage to secure the same on a portion of the land in question, and a legacy for the same amount, in the will. The relief claimed is : *First*, that the said deed of conveyance, which was made an exhibit, may be declared to be null void. *Second*, that " in the event that it shall be found that the deed . . . was delivered, then the plaintiff claims a decree that the land described in said mortgage deed shall stand charged with a mortgage, or an equitable incumbrance in favor of the plaintiff as such administrator, to the amount of three thousand dollars with the interest thereon; and that said mortgage or equitable incumbrance shall take precedence of the conveyance made to the defendants, or any of them. . . ." *Third*, such other relief as seems equitable. *Fourth*, " that said land described in said mortgage deed shall stand charged with the payment of three thousand dollars with the interest thereon in favor of the plaintiff for the use and benefit of the said Ellice Humiston."

The defendants on the same day, January 9th, 1896, filed a demurrer to the complaint and to the first, second and fourth prayers for relief, and also a motion to expunge certain paragraphs of the complaint as "immaterial and impertinent." The court, on the same day, January 31st, 1896, granted the motion to strike out, and sustained the demurrer as to the second and fourth claims for relief, and also the demurrer to the entire complaint, on the ground of demurrer —being the second ground—which reads as follows: " It is not alleged that said property has been inventoried as a part of the estate of Eli D. Preston, deceased, or that the Court

of Probate has ordered the sale of the same to satisfy debts or legacies."

The questions presented by the reasons of appeal relate to the correctness of these several rulings. In granting the motion to strike out, the court evidently regarded the allegations directed to be expunged as statements of evidence, not of ultimate, material or issuable facts. There can be no question as to the correctness of this view so far as most of the averments are concerned. The complaint, however, is so peculiar in its structure, that in order to decide regarding this ruling as to some of the statements, it seems material to enlarge the consideration to an extent which involves the correctness of the other rulings also. To illustrate: All the allegations in relation to the note and mortgage were striken out. With these absent, the complaint would contain no foundation for the second and fourth prayers for relief, the demurrer to which was sustained. Substantially the same may be said as to the statements regarding the legacy. These also were in effect expunged. If the retention of the allegations concerning either of these, or any other matters, would have made the complaint stronger to resist the final test of the demurrer to it as a whole, which was sustained, they should not have been expunged. If, on the other hand, the complaint as it originally stood was bad upon demurrer, these subordinate rulings were merged in the broader one and became immaterial. We will therefore come directly to the question which may be decisive of the whole matter.

Was the demurrer—treated as one to the entire complaint, with all its original allegations and prayers for relief—properly sustained? In considering this question we must from the outset, and throughout, keep in mind who the plaintiff is and in what capacity he sues, and is entitled alone to relief. We say this, because neither the complaint, nor the ingenious brief and able argument in support of its validity, appears to lead in the direction of such clear conception. Ellice Humiston (or Preston) is not a party to the record. So far as the claimed legacy is concerned, the will—made an exhibit—gave it to the plaintiff in trust, as executor of

such will.   But the plaintiff avers that he declined to accept said trust as executor, and he nowhere alleges that he accepted any other trust, duty or obligation, except that of administrator of unadministered estate, in June, 1895, more than eight years after the death of the testator.   He claims to be nothing else.   He asserts nothing to show that he is anything else.   He sues as nothing else than such administrator, and he is entitled to no relief except such as the complaint shows his right to, as such administrator.

Advancing then, from this starting point, the plaintiff claims that the facts alleged show him to be entitled to relief in some of the forms in which relief is demanded, on one or another of these grounds : that is to say, as based either upon the alleged indebtedness of the estate to Ellice Humiston, evidenced by the note and mortgage, or upon the legacy.   The court below regarded the complaint as counting upon the indebtedness alone, and the rest as matters averred in explanation and support of such claim.   But the plaintiff strongly protests against this view, and we will consider the case as broadly as he himself asserts it.

First, however, let us look at the matter of indebtedness. What appears in the complaint as bearing upon this ? Eli D. Preston died March 16th, 1887.   He was then indebted to Ellice Humiston in the sum of $3,000 for work and labor, a simple contract debt.   On March 31st, 1887, the will of said Preston was probated.   The plaintiff, therein named as executor, declined such appointment.   Martin L. Parsons of Farmington was appointed administrator with the will annexed, accepted the appointment, gave bonds, and duly administered a portion of the estate—all, in fact, except the land now in question.   On January 21st, 1890, said Parsons settled his administration account with said estate.   In said account he charged himself with personal property and credits and choses in action only.   The amount was $5,102.84.   The credit amounted to precisely the same sum, exactly exhausting the estate.   The largest item was, " By paid claims allowed, $4,014.09."   Ellice Humiston presented no claim whatever against said estate, and nothing was allowed to or

paid to her out of said estate. The said estate was represented insolvent, and was and is in fact insolvent. The same was and is being settled as an insolvent estate. There is no other estate, except the land in question, to pay the said claim of said Ellice. The said land was not originally inventoried or claimed as any part of the estate of the deceased. And said land has never been administered upon as a part of said estate. On June 6th, 1895, said Martin L. Parsons resigned as administrator on said estate. His resignation was accepted. Afterwards, on July 6th, 1895, the plaintiff was duly appointed.

From the above facts it appears that Ellice Humiston, though a creditor of the deceased, has never become a creditor of his estate. The plaintiff, in his anxiety to subject the estate which he represents, to a liability in her behalf, states a reason thus: "The said Ellice did not present any claim against the estate of the deceased, because she believed her claim was secured by the said mortgage deed and note; and she continued to believe that the same was sufficient for her protection until after the time limited for presenting claims against said estate had expired." In reference to this, two principles enunciated by this court are significant. The first is stated by SEYMOUR, J., in *Cone* v. *Dunham*, 59 Conn., 145, 161. The other may be found in *Rhodes* v. *Seymour*, 36 id., 1, 7. The court, by BUTLER, J., said: "It is well settled by authoritative decisions in this State and elsewhere, that executors are agents or trustees only, whose duty it is to administer according to the will of the testator and according to law, and not to subject the estate by their admissions."

The provisions of General Statutes, § 588, are most specific, positive and absolute: "Every creditor of an insolvent estate who shall not exhibit his claim to the commissioners within the time limited, shall be debarred of his claim against said estate unless he can show some estate not embraced in the inventory or accounted for by the executor, administrator, or trustee." Here, then, is a creditor, the only existing one so far as the complaint indicates, whose claim is barred, unless, as asserted, there be "newly discovered estate." But

granting there is such estate, what does the statute then pre-
scribe? "In which case he shall notify the executor," etc.
Waiving this, which is not alleged, what next? "Who"
(the executor, etc.) "shall make an additional inventory of
such newly discovered estate." This is the prescribed initial
step. The plaintiff, himself administrator, neither alleges in
the complaint, in the first instance, that he has done this, or
amends such complaint by so stating, after the court below
has ruled it to be essential. Instead of this, he says in his
reasons of appeal that such ruling is erroneous, and asks in
his brief: "What purpose is served by inventorying this land?
The administrator claims it. The defendants in their de-
murrer do not deny his right to it if needed to pay debts."
We shall see presently that it is not shown to be needed to
pay debts. But in answer to the question thus propounded
by the plaintiff, one purpose served by the inventory would
be that the direct and positive requirement of the statute to
that effect would be complied with. If important to deter-
mine why such requirement was made, the decisions of this
court, in other cases, supply abundant reasons. Such inven-
tory is the basis and foundation upon which all the other pro-
ceedings prescribed by the statute, or requisite to be had,
rest and depend. *Sacket* v. *Mead*, 1 Conn., 13, 19; *Minor* v.
*Mead*, 3 id., 289; *Williams* v. *Morehouse*, 9 id., 470; *Beach*
v. *Norton*, ibid., 182; *Andrus* v. *Doolittle*, 11 id., 283; *Moore*
v. *Holmes*, 32 id., 553–558; *Blakeman* v. *Sherwood*, ibid., 324;
*State* v. *French*, 60 id., 478. The plaintiff as administrator,
until he made an inventory of the property in question, had
no title or right to interfere with it, or to harass and vex
those who have been in undisturbed possession of it under
claim of record title derived from the deceased in his lifetime,
during the entire settlement of the estate and for many years
after. He says again in his brief, in treating this question,
"One of the purposes of this bill is to remove the cloud from
the title, and plainly, a court of equity has this jurisdiction."
But "the jurisdiction of equity cannot be invoked to adjudi-
cate upon the conflicting titles of parties to real estate. That
would be to draw into courts of equity from the courts of law

the trial of ejectments. He who comes into a court of equity to get rid of a legal title which is alleged to cast a shadow over his own title, must show clearly the validity of his own title, and the invalidity of his opponent's. . . . The proper forum to try titles to land is a court of law, and this jurisdiction cannot be withdrawn at pleasure and transferred to a court of equity under pretense of removing clouds from titles." *Miles* v. *Strong*, 62 Conn., 95, 105.

For the validity of anything which may be called title or the equivalent for title in an administrator appointed for such purpose, and situated as the plaintiff is, to real estate held as this is, it is requisite that every provision of General Statutes, § 588, be complied with. First there must be an inventory ; without this there can be nothing else. Then, of course, there must be more. The claim must be presented, not to the commissioners, whose duties are at an end; not to the administrator, who never had or has any duty, in passing upon the claim; but to the Court of Probate, which is required to decide upon it and allow what shall appear to be due the creditor. Thereupon an order is passed, as is further prescribed. Then, and then only, in a case like the present, does the condition of things exist which makes applicable to it, in its entirety, what was said by this court in *Bassett* v. *McKenna*, 52 Conn., 437, 438 : " It is too late in Connecticut to question the right and the duty of an administrator to inventory property fraudulently conveyed by his intestate, when that property is needed for the payment of debts, and to institute all necessary proceedings to appropriate the property to that use." Then, and then only, does it appear that there is a debt to be paid, for which, therefore, property—the property in question—is needed, and that it is claimed by the estate as assets for that purpose. Then the administrator has title in the sense that he is entitled : that it is his right and duty to institute necessary proceedings to appropriate the property to that use. In the absence of the allegations referred to, and of anything in any sense equivalent thereto, the demurrer, as based upon this part of the claim, was properly sustained.

But, as we have seen, the plaintiff further contends that he is entitled to the relief demanded in his second and fourth prayers. Concerning the note and mortgage, the allegations in the complaint are to the effect that on October 27th, 1886, the said Eli D. Preston made a note to secure his alleged indebtedness of $3,000 to Ellice Humiston, and secured such note by a mortgage deed of a portion of the land now claimed; that this mortgage was recorded in Preston's lifetime, but that it was delivered to said Ellice by the scrivener who drew the deed, after the death of said Eli D. Preston. It is further stated that "on the 14th of June, 1894, the said Ellice Humiston, believing that the said note and mortgage were good and valid, brought an action before the Superior Court for Hartford County, on the first Tuesday in September, 1894, and such proceedings were had that on April 11th, 1895, said court adjudged said note and mortgage deed to be void, and the same were declared to be invalid and of no effect." It may be added that the case just referred to, brought by said Ellice Humiston against the present defendants, came upon appeal by the said Ellice before this court, which sustained the judgment of the Superior Court which embraced also a judgment against said Ellice upon a cross bill, supporting the defendants' claim that said mortgage constituted a cloud upon their title. Thus, in addition to the want of title in the then plaintiff, the validity of the defendants' title, a question necessarily involved, (*Miles* v. *Strong, supra*,) was decided in a suit in which said Ellice was a party. It is unnecessary to decide either question again for her benefit in a suit in which she is not a party. Besides, it is a matter in which the present plaintiff has, in the capacity in which he sues, no interest or concern. There is no error upon this point.

One ground remains: the plaintiff asserts the land is needed to constitute assets for the payment of the legacy. Much of what has already been said applies to this claim. But further, it does not appear, nor is it claimed, that Ellice Humiston can be at the same time a creditor and a legatee. It is asserted that she is one or the other. The legacy is

spoken of as having been provided to secure payment to her of the debt due from the testator. She has never claimed the legacy. She has sought to recover the debt by the attempted foreclosure of a part of the land in question. So far as it appears it may be for her interest still to insist upon the debt. The complaint prays for relief in the event that it shall be found that the deed to the defendants *was* delivered, though the complaint alleges that it was not. If delivered, the legacy would not be entitled to precedence over the voluntary conveyance thereby perfected. Apparently the former proceeding between Ellice Humiston and the defendants, which we have referred to, settled that question as against her. The plaintiff, then, has neither the color of right which would come from an inventory, a finding of the Court of Probate that the land is needed to pay the legacy, and an order of sale for that purpose ; but instead, he is asking relief because property is needed to pay a legacy left by the will of one whose estate, he alleges, " was and is in fact insolvent, and was and is being settled as an insolvent estate." An estate made insolvent, perhaps, it may be said, by the claim, not abandoned, but pressed at least by him, of the very person as a creditor whom he is endeavoring with or without her assent to assist as a legatee ; doing this at the same time, in the same action, by allegations relating to the inconsistent matters sometimes in different, and sometimes in the same, paragraphs of the single count of his complaint. Here, also, we think the court below did not err.

There is no error in the judgment complained of.

In this opinion the other judges concurred.