JOSEPH H. CONE ET AL.    APPEAL FROM PROBATE.

Third Judicial District, Bridgeport, April Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The duties of distributors are statutory and ministerial, and are confined to the division of the estate as they find it after the allowance of the final account of the executor or administrator. Neither they, nor the Court of Probate in acting upon their report, are empowered to determine the validity of claims in favor of or against the estate; and the Superior Court, on appeal, has no greater power in this particular.

The appellants, who had foreclosed a judgment lien upon the interest of C in the real estate of his deceased father, appealed from the order of the Court of Probate accepting the distribution, because the distributors treated a demand note of C, about twenty years old and claimed by the appellants to be outlawed, as a valid asset of the estate and, acting in good faith, set out the same to C as the greater portion of his share, rather than the real estate covered by the lien. Held that the validity of the note as an asset of the estate, could not be determined in such a proceeding; and that inasmuch as the note had been inventoried and appeared as an asset in the final account of the executor, it was the duty of the distributors and of the Court of Probate to so regard it, in making and accepting the distribution.

[Argued April 23d—decided June 25th, 1896.]

APPEAL from an order and decree of the Court of Probate for the District of Fairfield, taken to the Superior Court in Fairfield County and tried to the court, *George W. Wheeler, J.* ; facts found and judgment rendered in favor of the appellee,

and appeal by the appellants for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*John C. Chamberlain* and *Elbert O. Hull*, for the appellants (plaintiffs).

Irrespective of the question of the validity of the note, a distribution should not be sustained which deprives the appellants of their just rights, by giving the bulk of the real estate to the other heirs, and distributing personal property mainly to this one, without the consent of the persons who have acquired all of the rights of the distributee in this real estate. Under the statute in force at the time that the settlement of this estate was commenced, however, the Court of Probate had a rule to follow other than the making of an absolutely even distribution. Gen. Stat. Rev. 1875, p. 373. It is true that this plain provision of the statute could be waived by the heir, but it is certain that this ought not to be allowed when the heir has nothing to lose and everything to gain by such a course. The note actually distributed to Charles H. Nichols was not a valid obligation and did not form any portion of the estate of Orlando O. Nichols at this time. The legatee or heir himself could have taken advantage of the statute of limitations, either to have prevented the administrator from distributing to him this note as a part of his father's estate, or from offsetting it against any share which might be distributed to him. *Allen* v. *Edwards*, 136 Mass. 138; *Reed* v. *Marshall*, 90 Pa. St. 345. The attaching creditor stands in the shoes of the heir, and has the same right to set up the statute that the heir has. *Holt* v. *Libby*, 80 Me. 329; *Milne's Appeal*, 99 Pa. St. 483–490. It is true that to plead the statute is a personal privilege, but the mistake lies in losing sight of the fact that it is personal to the individual whose rights are to be affected by it, and not to one who has parted with all his interest in the matter. *Schmucker* v. *Sibert*, 18 Kan. 110; *Lord* v. *Morris*, 18 Cal. 483; *Grattan* v. *Williams*, 23 id. 26; *Dawson* v. *Galloway*, 18 Ga. 585; *Werdinbaugh* v. *Ried*, 20 W. Va. 588;

*Warner* v. *Dove*, 33 Md. 579; *Giddens* v. *Mobley*, 37 La. An. 900; *Sawyer* v. *Sawyer*, 74 Me. 579; *Coit* v. *Tracy*, 8 Conn. 276; *Lyme* v. *Riddle*, 88 N. C. 467.

*David B. Lockwood* and *Carl Foster*, for the appellee (defendant).

The Court of Probate in making distribution should treat the estate and the rights of the heirs to it, as if no conveyance had been made, and as if no rights of attaching creditors or others had been acquired to any part of it. *Holcomb* v. *Sherwood*, 29 Conn. 418; *Greathead's Appeal*, 42 id. 376; *Dickinson's Appeal*, 54 id. 227; *Hewitt's Appeal*, 53 id. 37. The powers of the distributors are strictly statutory and purely ministerial. They cannot affix conditions or attach burdens to the division. *Wordin's Appeal*, 64 Conn. 53. A statement by a debtor that a claim, barred by the statute of limitations, is still a valid obligation, takes the case out of the statute and revives the original cause of action. He may interpose the statute of limitations, but he may waive it also. The law does not compel him to resort to this defense, nor can others insist upon it for him. 13 Amer. & Eng. Ency. of Law, 706. 707, and notes; *Allen* v. *Smith*, 129 U. S. 465; Angell on Limitations (6th Ed.), § 285; *Robbins* v. *Harvey*, 5 Conn. 335; *Brookville Nat. Bank* v. *Kimble*, 76 Ind. 195, 203; *Kennedy* v. *Powell*, 34 Kan. 23; *Rawlins* v. *Rawlins*, 75 Ga. 632; *Wood* v. *Hughes*, 138 Ind. 179. Generally any person in privity with the claim sought to be enforced, may set up the statute in bar thereto; but a mere stranger to the claim, as a creditor of such person, although he may be injuriously affected by his debtor's failure to set up the statute, cannot either set it up himself or compel his debtor to do so, as in such cases the privilege is personal, and one of which the debtor may avail himself or not at his election. Wood on Lim. (1st Ed.) § 41; *Baldwin* v. *Boyd*, 18 Neb. 444, 449.

TORRANCE, J. Orlando O. Nichols died in February, 1875, leaving a widow, and four children, James, Charles, Sarah and Mary. By his will his widow was given the life use of

all his estate, both real and personal, and after her death the same was to be equally divided between the children.   The widow died in May, 1890.   After her death distribution was made by distributors duly appointed by the Court of Probate, and the return thereof was accepted by said court on the 26th day of June, 1893.

In August, 1878, the present appellants obtained a judgment against Charles, one of the four children of the deceased, and a third party, for about $500, and during the same month filed a lien to secure said judgment, upon the undivided interest of Charles in the real estate belonging to his father's estate.   On May 12th, 1893, the appellants foreclosed said judgment lien, and the amount then found to be due to them was $953.65.

In the distribution, the real estate was valued at $7,900, and the personal estate at $3,584.17.   By the distribution the property was set to the children as follows:—

| | | | |
|---|---|---:|---:|
| To James : | Real estate . | . . . | $2,386.00 |
| | Personal estate . | . . . | 485.04 |
| | | | $2,871.04 |
| To Charles: | Real estate | . . . . | $ 878.00 |
| | Personal estate | . . . | 1,993.04 |
| | | | $2,871.04 |
| To Sarah: | Real estate | . . . . | 2,351.00 |
| | Personal estate | . . . | 520.04 |
| | | | $2,871.04 |
| To Mary: | Real estate | . . . . | 2,285.00 |
| | Personal estate | . . . | 586.04 |
| | | | $2,871.04 |

Included in the personal estate set to Charles, was a demand note of $750 made by him and his wife in November, 1872, to the order of his father, with interest thereon computed at $900, making in all $1,650.

The present appellants appealed to the Superior Court

from the order of the Court of Probate accepting said distribution. In their reasons of appeal, after alleging their title which was admitted, they alleged in substance that Charles, in collusion with the other children of the deceased, procured the distribution to himself of only a small and comparatively worthless portion of the real estate; that in lieu of his full share of the real estate, he consented to receive said note and interest thereon, "which said note had long prior to that time been outlawed and did not constitute any valid claim against said Charles H. Nichols, and was no part of the estate of Orlando O. Nichols;" and that all this was done to defraud the appellants and to deprive them of their just rights in said estate. The appellees denied these allegations. The Superior Court has found that there was no collusion and no fraud as alleged, and that the distribution was made in entire good faith; and this disposes of that part of the reasons of appeal.

With reference to the note in question, the Superior Court finds as follows :—

"Said note at the time of the distribution was due and unpaid, and I find as a fact from the facts found in this finding, that said note was a valid obligation and a valid asset of the estate of Orlando O. Nichols. Nothing had ever been paid as interest or principal on said note. No claim had ever been made by said Charles H. Nichols that said note was outlawed, and he had always expected to pay the same, and upon the trial stated that he knew of no reason why the note was not a valid note and that he had had the said $750. The distributors were informed that said Charles H. Nichols had acknowledged the validity of said note, and believed said note was a valid obligation; and so believing, and exercising their best judgment, distributed it to said Charles H. Nichols. Charles H. Nichols was not present at the distributors' meetings, and made no acknowledgment of the note to said distributors; and upon the trial no evidence was offered whether he ever promised to pay or acknowledged the validity of said note, prior to said distribution."

On the foregoing facts the appellants, in the Superior

Court, claimed that said note with the interest thereon formed no part of the estate of the deceased and should not have been set to Charles as a portion of said estate, and that the real estate should have been divided equally between the children.    The court overruled this claim and affirmed the order of the Court of Probate.

The errors assigned upon the present appeal are all based upon the refusal of the Superior Court to hold, upon the facts found, that said note at the date of the distribution was barred by the statute of limitations, and therefore formed no part of the estate.

In the brief for the appellants it is claimed that even if the note in question was a good and valid asset of the estate, still the distribution in question ought not to be upheld as against the appellants.    This claim is made under the statute in force when the settlement of the estate began—but not in force at the time of the distribution—which provided, as a general rule, that the male heirs should have their part in the real estate.    Rev. of 1875, p. 373.    This claim is not within the reasons of appeal, and it does not appear to have been made in the court below ; and more than all, if it was in fact made and overruled, the action of the court in so doing is not assigned for error.    For these reasons it is unnecessary to consider that claim.

It is apparent from the record, that the matter which the appellants really asked the Court of Probate, and the Superior Court as an appellate court of probate, to try, was the title of the estate to the property represented by the promissory note in question.    That note had been inventoried in 1875—when it was unquestionably a valid obligation—as one of the assets of the estate ; and as such asset it was charged to the executor in his final account rendered to the Court of Probate and accepted by it, before the distribution in question was ordered or made.    No appeal was taken so far as the record shows from the order accepting the final account. Clearly then, so far as the inventory and final account and the action of the Court of Probate thereon were concerned, the note was a part of the estate of the deceased.    The real

grievance of which the appellants complain, and upon which all their assignments of error are based, is that the court below, although it found, as the appellants claim, facts "that showed the note to be barred by the statute of limitations, still held it to be a valid asset of the estate.   The appellants in effect pleaded the statute of limitations in bar of the note, and in effect denied that the estate had any legal title to a part of the inventoried property, and asked the Superior Court sitting as a court of probate to try that question of title.

The argument of the appellants is that Charles might have done this; and they standing in his shoes may do the same. We are of opinion that neither Charles nor the appellants could do this, in a proceeding of this kind; for the reason that neither the Court of Probate, nor the appellate court of probate in a proceeding of this kind, can try such a question. The distributors cannot try questions of title.   Their duties are statutory and ministerial; and they distribute the estate as they find it in the hands of the executor or administrator after the allowance of the final account.   Under the circumstances, they were bound to consider this note as a valid asset of the estate and to distribute it.   As the only objection to their report was that they did include it, and did distribute it as an asset of the estate, that is, had performed their duty according to law, the Court of Probate was bound to accept the distribution, if it was in other respects fair and equal, unless it had power to try the question as to the validity of the claim of the estate against Charles.   But the Court of Probate had no such power.   It is not empowered to try the question as to the validity of claims in favor of or against the estates of deceased persons; and the Superior Court, as an appellate court of probate, in a case of this kind "can do no more than could have been done" by the Court of Probate. *Homer's Appeal*, 35 Conn. 113; *Hart* v. *Hart*, 44 id. 327; *Hewitt's Appeal*, 53 id. 24; *Dickinson's Appeal*, 54 id. 224; *Mallory's Appeal*, 62 id. 218; *Hall* v. *Pierson*, 63 id. 332. Whatever the powers of similar courts in other jurisdictions may be, over matters of the kind here in question, the cases

cited show that our courts of probate, in a proceeding like the present, cannot grant the relief prayed for by the appellants.

In this view of the case it is immaterial whether the court below did or did not err in overruling the claims of the appellants, and we deem it unnecessary to express any opinion upon that question ; in either case, the judgment was just what it should have been and must stand.

There is no error in the judgment complained of.

In this opinion the other judges concurred.