BANKERS TRUST COMPANY OF NEW YORK ET AL., EXECUTORS, *vs.* HERBERT SPENCER GREIMS ET ALS.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS and JOHN RUFUS BOOTH, Js.

Argued January 15th—decided June 13th, 1929.

*Charles D. Lockwood,* for the plaintiffs.

*Ralph Royall* of New York City, for the defendant, Herbert Spencer Greims individually.

*Ellwood Thomas* of New York City, filed a brief for the defendant The Cooper Union for the Advancement of Science and Art.

*George M. Skene,* with whom was *David M. Rosen,* for the remaining defendants.

WHEELER, C. J.  Two questions are reserved for our advice which require an answer.  *First.* Should the

value of the real estate owned by the testatrix at her death and situated outside of Connecticut be taken into consideration in determining the one third to be set aside to provide the amount whose use the husband would take under his election under the statute? In other words, should the total value of the real estate in the States of New York and New Jersey, $694,333.33, be added to the gross value of the estate as inventoried in the Court of Probate in Ridgefield and the husband's one third taken from this total instead of from the net total of the estate, less debts and administration charges, as inventoried in the Court of Probate. The solution of this problem depends entirely upon the construction to be accorded § 5055 of the General Statutes as amended by Chapter 221 of the Public Acts of 1921 which we quote in the footnote.

"Section 5055 of the General Statutes is amended to read as follows: On the death of a husband or wife married on or after April 20, 1877, the survivor, except in cases mentioned in the proviso to this section, shall be entitled to the use for life of one-third in value of all the property, real and personal, legally or equitably owned by the other at the time of his or her death, after the payment of all debts and charges against the estate; such third to be set out by distributors appointed by the court of probate in any property, real or personal or both, according to the judgment of such distributors. The right to such third shall not be defeated by any disposition of the property by will to other parties, but where there is no will, the survivor shall take such third absolutely, and if there are no children of the decedent or representatives of children, the survivor shall take all of the estate of the decedent absolutely to the extent of two thousand dollars, and one-half absolutely of the remainder of said estate; and if there are no children of the decedent or representatives of children, and no parent, the survivor shall take all of the estate of the decedent absolutely. Where the husband has by will devised or bequeathed a portion of his property to his surviving wife, or where the wife by will has devised or bequeathed a portion of her property to her surviving husband, such provision shall be taken to be in lieu of the share herein provided for, unless the contrary shall be expressly stated in the will, or shall clearly appear therein; but in any such case the party shall have his or her election whether to accept the provision of

Counsel in behalf of the husband's claim, finds support in the broad language used in this statute in fixing the measure of his interest: ". . . the survivor . . . shall be entitled to the use for life of one-third in value of all the property, real and personal, legally or equitably owned by the other at the time of his or her death, after the payment of debts and charges against the estate." Disclaiming his purpose to have this court give to this statute an extraterritorial effect, his contention is that the language of the statute requires that the value of all of the property, wherever situated, should be taken in determining the measure of the interest created by this statute. If the statute ended with the part quoted it might be difficult to successfully differ with the claim in behalf of the husband; the statute does not end at this point, but as it continues makes clear the legislative intent to include no property in fixing "one-third in value of all the property" except such property as is inventoried and is

---

such will or take such life use of one-third, and such election shall be made in writing signed by the party entitled to make the same, and lodged with the court of probate before which such estate is in settlement, within two months after the expiration of the time limited for the exhibition of claims against said estate; and if not so made such person shall be taken to have accepted the provisions of the will, and shall be barred of such statutory share. The wife shall also, when in the opinion of the court of probate it is necessary, be allowed a reasonable sum from the estate of the husband for her support and for the support of her family during the settlement of his estate; but in that case she shall not take her statutory share until after the expiration of the time for which such allowance is made; provided the provisions of this section with regard to the statutory share of the surviving husband or wife in the property of the other shall not apply to any case in which, by written contract made before or after marriage, either party has received from the other what was intended as a provision in lieu of such statutory share; nor shall either party be entitled to such statutory share who, without sufficient cause, had abandoned the other, and had continued such abandonment to the time of the other's death."

distributable in this jurisdiction. The legislative intention manifested in the statute must guide the court in its construction. We must construe the statute in its entirety; its sentences cannot be segregated and their meaning extracted, one by one, apart from the rest.

The general terms of the provision, "one-third in value of all the property" are qualified and explained by later parts of the statute. Indeed, these general terms are followed by a semi-colon and that by the concluding clause of the sentence, "such third to be set out by distributors appointed by the court of probate in any property, real or personal or both, according to the judgment of such distributors." The duties of distributors on intestate estates "are statutory and ministerial; and they distribute the estate as they find it in the hands of the executor or administrator after the allowance of the final account." *Cone's Appeal*, 68 Conn. 84, 90, 35 Atl. 781. Distribution of intestate estate of real estate owned by a testator in a jurisdiction other than that of his domicil may be made in the domicil of the ancillary administration according to the law of the domicil. There can be no distribution, in the original and principal administration, of property situated in a foreign jurisdiction unless it is by order of court brought from the ancillary to the principal jurisdiction. *Lawrence* v. *Kitteridge*, 21 Conn. 576, 584, 585. The estate of a testator within the jurisdiction of his domicil comprises all of his real estate within the State and all of his personal property everywhere and the inventory is made up of these kinds of property but it excludes his real estate outside the State of the domicil.

Distributors are without authority to distribute any property of the estate which has not come into the hands of the executor or administrator or which has

not been inventoried. The distributors appointed by the Court of Probate to set out the one third in value of all of the property of the estate to the surviving husband or wife are vested with like authority to that of the distributors of intestate estates. They can only distribute the one third from the property in the hands of the executor or administrator. Any property in their hands must be inventoried; real estate outside the State of the domicil cannot be inventoried. *Edwards* v. *White,* 12 Conn. 27, 34, 35. "Such inventory (in the case of intestate estate) is the basis and foundation upon which all the other proceedings prescribed by the statute, or requisite to be had, rest and depend." *Frisbie* v. *Preston,* 67 Conn. 448, 455, 35 Atl. 278.

That a like construction is the necessary construction to place upon this language of the statute is manifest when consideration is given to the statutory particularity of our probate procedure; with all of its definiteness we find no provision made for ascertaining the value of the real estate outside the jurisdiction of the intestate, no appraisal required or provided for, and no adjudication prescribed by a court where the real estate lies. We are asked to adopt a construction that "one third in value of all the property" means one third of all the property wheresoever it may be situated, when no ancillary administration has been taken out in New York or New Jersey, and no ascertainment there had of the debts or taxes and we are further asked to accept the value placed upon the real estate in these States made in tax proceedings. Our Courts of Probate are without authority to accept as facts those found in such manner, nor can they accept a return made by distributors, appointed to set out the surviving husband's one third, which is based in whole or part upon such facts.

Although the debts and taxes in New York may be substantial sums, the contention in behalf of the husband would construe our statute to mean one third of the value of this land without deduction for taxes or debts. New York, counsel inform us, has no law giving the surviving husband a right of election to a one third or any other interest in the estate of his wife. Under such circumstances, though the land in New York should be sold, the courts of New York would not be likely to permit the proceeds of the sale to be transferred to Connecticut for that would entail the setting out of one third of these proceeds for the use of the husband for life, thus diminishing the possible interest of The Cooper Union for the Advancement of Science and Art, which the courts of New York, would, in duty, protect. If the share of the husband under our statute is one third of all the property of the estate wherever located and the law of the foreign jurisdiction also makes provision for the surviving spouse, he may receive much more than one third of all the property, a result doing serious injustice to legatees. Counsel say no court would permit this and that the court would construe the maximum to be set out for the spouse as one third of all the property and deduct from the one third of the total whatever the spouse received outside the jurisdiction of the domicil. That involves reading into the statute, first, that the one third applies to property everywhere and then a provision for making this deduction. We are without authority to recast the statute even to avoid a palpable injustice. It may be the property at the domicil is small in amount and that outside the domicil is large. Though we decree that the statute means the one third of all of the estate wherever situated, we are quite powerless to enforce our decree.

The answer to this situation, counsel urge, is that

the fact that the court could not enforce its decree would constitute no adequate reason for not carrying out the mandate of the statute and enforcing it as far as it was able to. Such a decree would be a mere gesture of power. We ought not to conclude that the legislature intended so futile a result unless the compulsion of that construction is inescapable. It is a fundamental principle that courts will not adjudicate when they cannot enforce. A construction of our statute confining the one third of all the property to that in the hands of the executor or administrator in the domicil of the intestate avoids the insoluble practical difficulties which surround the construction contended for by the husband. Our statute does protect the surviving spouse in the interest which the statute, upon his election, gives him, but that interest is confined to the property which comes within the original or principal administration. Counsel fail to find any decision in this or any other State having a similar statute which involves the question we are called upon to decide. Our research has been equally fruitless.

Among the cases cited as having adopted in applying the dower statute the principle urged by the husband is *Lawrence's Appeal*, 49 Conn. 411. The testator was a resident of New York where his estate was settled. The will gave the widow the privilege of taking the use and income of one third of the entire estate and she availed herself of it. Administration was granted in this State at the request of creditors. The claim was made that as the estate was insolvent the widow was entitled to dower under the statute. We held that she had made her election and presumably was receiving the income of the one third of the entire estate "of which the land in New Haven was inventoried as a part." We assumed this to be the fact. We do not understand that land outside the principal

administration in New York is properly inventoried as a part of the estate in New York. General Statutes, § 4980, expressly excepts from the inventory required by law of all the property of every deceased person and insolvent debtor, real estate situated outside the State. Cleaveland, Hewitt & Clark, Probate Law & Practice, Supplement, § 200.

Real estate situated outside the State being excluded from the inventory is not within the jurisdiction of the Court of Probate and must be excluded from the property in which dower or the election of a spouse is set out. No method is provided here for the appraisal of the land without the State, no authority has been or could be vested in distributors to set out any part of such land for the use of the widow, and no way has been or could be provided for enforcing such decree.

Our statutes relating to dower are to be construed together. Section 5050 gives to a widow married prior to April 20th, 1877, dower for life in one third part of the real estate of which her husband died possessed, while a companion statute, § 5052, provides that the widow as tenant in dower shall maintain the property, keep in repair the buildings, fences and lands, set out to her for dower. Manifestly this statute refers to all land set out to her, and it is equally manifest that this statute refers exclusively to land in Connecticut and cannot be construed to include land outside this State. When we say in *Farmers Loan & Trust Co.* v. *McCarty,* 100 Conn. 367, 124 Atl. 401, the value of all the property given to John must be included in ascertaining the value of the widow's third of the estate, we had reference to estate within this State for none of the real estate of this estate was located outside the State.

Cases cited—involving the construction of statutes, that no devise of any estate, real or personal, for a

charity shall exceed "one third of the estate of the testator leaving legal heirs," *Estate of Dwyer,* 159 Cal. 680, 115 Pac. 242; that a testator leaving children him surviving could not dispose of more than one fourth of his estate to other than the children, *Paschal* v. *Acklin,* 27 Tex. 173; that a testator having a husband, wife, child or parent is prohibited from leaving to charity more than one-half part of his or her estate after the payment of his or her debts, *Decker* v. *Vreeland,* 220 N. Y. 326, 115 N. E. 989—have little relevancy and are dependent upon the construction placed upon the statutes of their jurisdictions. They are far removed from the statute before us, which is a statute of distributions, controlled, as we have seen, by its own terms. Difficulties of large practical consideration occur at once upon attempting to apply the rule of these cases, particularly those of California and Texas. We deem it advisable to wait until one of these statutes, or one like unto them, is before us for construction before we attempt a careful analysis and consideration of the rule adopted in these cases.

*Second.* Is the husband entitled to receive accrued income on the amount set out for his use for life under the statute, and if so at what rate?

The interest of the husband, the surviving spouse, vests at the decease of the intestate. For the statute provides: ". . . the survivor . . . shall be entitled to the use for life of one third in value of all the property, real and personal, legally or equitably owned by the other at the time of his or her death, after the payment of debts and charges against the estate." The survivor takes the statutory share "by absolute title" and this "is one derived at death and by virtue of succession." *Hartford-Connecticut Trust Co.* v. *Lawrence,* 106 Conn. 178, 138 Atl. 159. The income earned upon the

one third was the income earned on the property to whose use the husband had title. It is not taken from another for no one has legal claim to it. It is not given to the husband as an addition to his one third for it is a part of it and grew out of it. If the title to this one third vests at the death of the intestate no good reason can be advanced why the title to the income earned by the one third should not follow that of the one third.

The use of the one third for life is an estate for life vested in the husband upon his election. It constitutes an aliquot part of the estate, taken from the residue first, if that is sufficient; if not, then the balance from the rest of the estate. If the life estate in this one third given by statute were left in trust by will for the same purpose and to the same end, the surviving spouse would unquestionably be entitled to receive the income computed from the death of the intestate. This would be true whether the bequest was "of the whole, or of an, aliquot part, of the residue of an estate to a legatee for life," *Bancroft* v. *Security Co.*, 74 Conn. 218, 222, 50 Atl. 735, or was a sum bequeathed in trust to a legatee for life, or for a term of years, *Webb* v. *Lines*, 77 Conn. 51, 58 Atl. 227. Again, by giving the surviving spouse the income from the one third from the death of the intestate the purpose of the statute to provide for the protection of the surviving spouse in making suitable provision for his maintenance and support will be better carried out.

The rate of the income from the date of death to the actual setting out of the third will be the average yield of the estate for this period. *Webb* v. *Lines,* and *Bancroft* v. *Security Co., supra.*

We answer question one, No, and question two, Yes.

No costs will be taxed to either party in this court.

In this opinion BANKS and JOHN RUFUS BOOTH, Js., concurred; HAINES and HINMAN, Js., dissented as to the opinion concerning, and answer to, question one and concurred as to question two.