GREGORY LYNCH, ADMINISTRATOR (ESTATE OF CHARLES J. DRUMM) v. ELIZABETH A. SKELLY ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 18048

Memorandum filed April 10, 1951

*James T. Healey,* of Waterbury, for the Plaintiff.

*Alfred L. Finkelstein,* of Waterbury, for the Defendants.

MURPHY, J. The plaintiff has sued to recover certain moneys transferred by the decedent in his lifetime to one of the defendants and by her distributed with the other defendants after his death.

No inventory was filed in the Probate Court before suit was instituted and the claim upon which recovery is sought was not inventoried. The plaintiff has admitted these facts in his answer to the second and third special defenses of the defendants.

"In case the estate belonged to the intestate, the administrator could not prosecute his claim . . . until it was inventoried." *Gold's Appeal,* Kirby 100, 103. "Such inventory is the basis and foundation upon which all the other proceedings prescribed by statute, or requisite to be had, rest and depend." *Frisbie* v. *Preston,* 67 Conn. 448, 455.

It is a condition precedent to the institution of suit by an administrator that he file an inventory of the estate with the Probate Court and that it include the claim upon which suit is instituted.

Judgment will be entered for the defendants upon the pleadings.