HAWLEY AND OTHERS *vs.* BURGESS.

Land which came to the wife, by inheritance, during coverture, was sold by the husband and wife, and a promissory note for the proceeds taken in the name of the husband, which was handed to her for inspection, and by her returned to her husband, who retained it until after her death. On a bill in equity, brought against the husband, by the heirs at law, of the deceased wife, praying that the defendant might be ordered to deliver said note to them, or be enjoined against its collection, it was held, that neither the statute of 1849, nor that of 1850, relating to the estates of married women, so varied the common law, as to give the heirs of the wife, an equitable interest therein, but that said note belonged to the surviving husband. Held, also, that, such note being personal property, any rights of the wife therein, at her decease, did not descend to her heirs at law, and that their claim thereto could be enforced, only by an administrator on her estate.

THIS was a bill in equity, brought by Joel Hawley and others, against George C. Burgess, praying that the defendant might be ordered to deliver up to the plaintiffs, a certain note of hand, and be enjoined against its collection.

The cause came to the superior court, at its August term, 1852, when the following facts were found by the court. The plaintiffs were the brother and sisters, sole heirs at law, of Cornelia L. Burgess, the deceased wife of the defendant. Said Cornelia was married to the defendant, on the 19th of March, 1850, and died, intestate, on the 23d of May, 1851.

Nelson Hawley, while living, owned certain real estate in Bethlem, and died in January, 1850, leaving said Cornelia, and the plaintiffs, his children and heirs at law, and also leaving said estate to be distributed among said heirs, as tenants in common. On the 6th of March, 1851, said Cornelia, then the wife of the defendant, jointly with her husband, conveyed all her right, title and interest in said estate, to one Thompson, by deed, duly executed and acknowledged by herself and her husband, for the sum of five hundred and fifty-six dollars and fifty cents, and said Thompson therefor then executed and delivered his promissory note of the same date, thereby promising to pay George C. Burgess, the defendant, five hundred and fifty-six dollars and fifty cents, on the first of April then next. Said note, when so executed, was handed by the defendant, to said Cornelia, who read and approved the same, and returned it to him. On the 1st day of April, 1851, said Thompson offered to pay the amount of said note to said Cornelia, who declined, at that time, to receive it, and requested that it might lie until she should purchase her furniture. Said Cornelia died on the 23d day of May, 1851, and while the note remained unpaid ; and the same ever afterward remained in the hands and possession of the defendant. Said Cornelia died, leaving the plaintiffs, her only heirs at law. The sale and conveyance of said land was made by said Cornelia, freely, and with full knowledge of all the essential facts connected therewith, and without any undue influence from her husband ; and said note was written and made payable to the defendant, without any fraud or mistake, and the defendant claimed title to the same, as his own estate, and ever refused to deliver it to the petitioners. There was no contract or agreement, by or between the said Cornelia and her husband, which provided that the avails of the sale of her interest in said land, or that said note, should be or remain, for the use and benefit of the said Cornelia, and not for the

use and benefit of the defendant ; nor that said note should be taken by the defendant, as trustee, for the sole use and benefit of said Cornelia.

Upon these facts, the case was reserved for the advice of this court, as to what decree should be passed thereon.

*Phelps*, for the plaintiffs, contended, 1. That the note sought to be decreed to the plaintiffs, was given for the land of the wife, which had descended to her from her father, and was in force during coverture. The warranty of the consideration is not denied. No act of ownership by the husband, during the coverture, adverse to her separate right, is shown.

2. The statute of 1849 extends its protection to this note, as the property of the wife. The defendant affirms this note to be *personal* property, accruing during coverture, and therefore vested in him.

The consideration of the note being the land, inherited by the wife, as heir at law, imparts the same character to the note, because the reinvestment, by the statute, is protected from the marital rights of the husband. The note is payable to the husband, who, by the third section of the act, is declared to be the trustee of the wife ; it is then taken to the trustee, although the word trustee is omitted. It is the common case of omission to set forth the character.

3. The plaintiffs have a right to this note, under the statute of 1850. This statute relates to the sale of the wife's land, during coverture, irrespective of its derivation. It was for land owned by a married woman, and, is not, in terms, taken in her name, but was invested by her, in the name of her husband, who is constituted trustee for her, by the act of 1849. Thus she was exercising her dominion over it. She subsequently controlled the terms of payment, and declared her intention, as to the investment. Any one holding the money of another, is a trustee. 2 Sw. Dig., 112. 2 Johns.

R., 405. 2 Wend. R., 98. A party in chancery does not lose title, by mistake, accident or ignorance of law, or fact.

*Seymour* and *Woodruff*, for the defendant, contended, 1. At common law, the note in question, when made, became the absolute property of the husband, and would have been, if it had been payable to her, and she had kept it in her possession. *Whittlesey* v. *McMahon*, 10 Conn. R., 137. *Middletown* v. *Mather*, 15 Conn. R., 587. The husband's common law right is not varied by statute. The act of 1849 relates to *personal* property, accruing to the husband, by virtue of *bequest* to her, or *distribution* to her, as heir at law. This note did not accrue to the husband, by virtue of bequest or distribution to her, but by *voluntary sale* of her property. The act of 1850 provides, that when the real estate of the wife is sold, and the avails thereof secured or invested in *her* name, or in the name of a *trustee* for her, the same shall, in equity, be deemed to belong to her. In this case, the avails were not so invested, but were invested in the husband's name alone, with her approbation. The court finds there was no fraud, nor mistake, nor undue influence, and that the sale was made freely; that the note was read by the wife; that she approved of it, and delivered it to her husband.

2. The heirs can not maintain this bill. If the note was the property of the wife, on her decease, it vested in her executor or administrator. He alone is entitled to the possession of it. It is subject to the payment of her debts, contracted before coverture, and may be needed for that purpose. That fact must be ascertained, by a regular course of administration, and if any property remains, it may be distributed to those who are shown to be her heirs at law. *West* v. *Howard*, 20 Conn. R., 581.

CHURCH, C. J. The case before us, among other facts, finds, that Cornelia L. Burgess, while the wife of the respondent, became entitled, by inheritance, to certain real es-

tate, and that, during the coverture, jointly with her husband, she executed a deed of the same, to James Thompson, who gave the note in question, as the price of the property, and made it payable to the husband of the said Cornelia, the present respondent. The note, as soon as it was executed, was handed by the husband to the wife, for her inspection, and by her approved and returned to her husband, who has ever since retained it, and now claims it as his own property. The wife died in a few weeks afterward, leaving only the present plaintiffs, her brother and sisters, her heirs at law.

The question is, do this note and its avails belong to the surviving husband, or to the heirs at law of his wife?

At common law, this note belongs to the husband; the money, if paid, would have been his, as soon as paid, and the note is payable to him, to whom by law, the money belonged. And if the note had been payable to her, it would have been the same. 1 Sw. Dig., 27. *Cornwall* v. *Hoyt,* 7 Conn. R., 420. *Whittlesey* v. *McMahon,* 10 Conn. R., 137. *Ecc. Society* v. *Mather,* 15 Conn. R., 587. 14 Conn. R., 99. It is claimed by these heirs, that the statutes of this state, of the years 1849, 1850, one or both of them, have changed the common law on this subject, and have given the equitable interest, at least, in this note, to the wife and her heirs. We do not think so.

The statute of 1849 provides for, and secures the rights of the wife, to such personal estate as shall, during the coverture, accrue to her, by reason of any bequest or distribution, and the avails of it; but the present is the case of *real estate,* and so not within the enactments of that law.

There is more doubt, in the construction of the statute of 1850, but a majority of the court think, that this can not be so extended, beyond the obvious import of its language, as to embrace this case and affect the claim of the husband to this note. It enacts that, when "the real estate of a mar-

ried woman has been, or shall be, sold, and the price or avails thereof secured or invested in *her name,* or in the name of a trustee for her, or for her benefit, the same shall, in equity, be deemed to belong to her," &c.

There can be no reasonable pretence, that the avails of this land of the wife, were either secured or invested in her name; on the contrary, with her full approbation and knowledge, the note was taken in her husband's name. She could have directed it differently, if she would, and have insisted on her newly acquired, or statute rights. Nor do we see, from the facts found, any evidence of an intention to constitute the husband a trustee for the wife, or that he should act as such. He received the note, in his character and capacity as husband, for his own use, and not for hers; this, we infer from the facts, and this may be said to be the legal presumption. Afterward, without the knowledge or concurrence of the husband, the payer of the note offered to pay it to the wife, and she refused the offer, and requested that it might lie, until she should purchase her furniture. But this act or offer of the maker of the note, without the privity of the husband, could not change the character of the note, nor the right of the husband to it; nor could anything, said by her at that time, have that effect.

But we believe that there is another objection to a recovery by these plaintiffs. They are the heirs at law of the deceased wife, and sue here, only in that capacity. The property in dispute is personal property, and, as such, did not descend to these heirs, and can be claimed by them only by distribution, under an administration upon the estate of the deceased. There may be creditors, having claims of payment against this estate, and therefore, an administrator should have been appointed, who could have asserted the rights of the wife, against her surviving husband, for the benefit of her creditors and heirs.

For the reasons we have suggested, this bill must be dismissed.

In this opinion the other judges concurred.

Bill dismissed.