### EVERETT SPICER'S APPEAL FROM PROBATE.

Second Judicial District, Norwich, April Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An inventory of the estate of a deceased person filed in 1900, when the statute (Rev. 1888, § 578) did not require an appraisal of choses in action, contained this item: "A certain claim against the estate of John G. Spicer for certain bank book deposits, value as yet undetermined." In 1904 the administrator collected, on ac-

count of the claim thus described, $16,370.51, and in his administration account charged himself with this sum as follows: " 1904—Feb. 21. To cash from Estate of John G. Spicer, representing accrued interest on Savings Bank Books, $16,370.51." *Held* that the inventory and account, taken together, sufficiently exhibited the condition of the estate, and that it was not, as matter of law, necessary to make it appear whether the amount so charged represented a lump sum accepted in settlement, or was made up of a number of specific items.

Whether an additional inventory and appraisal should have been filed on the collection of the claim, in view of General Statutes, § 323, *quære*.

Argued April 28th—decided June 2d, 1908.

APPEAL from a decree of the Court of Probate for the district of Groton allowing the administration account of the administrator of the estate of Clarissa Spicer, deceased, taken to and heard by the Superior Court in New London County, *Roraback, J. ;* decree modified and affirmed as modified, and appeal by the original appellant. *No error*.

*George C. Morgan,* for the appellant, Everett Spicer.

*William J. Brennan,* for the appellee, the administrator.

BALDWIN, C. J. Clarissa Spicer died in 1900, and her estate has been settled in the Court of Probate for the district of Groton. The only inventory ever filed by the administrator was rendered August 21st, 1900, within two months after his appointment, and was made up of the following items :—

"One wood lot. . . . . . . . . . . $250.
    " stove. . . . . . . . . . . . 5.
" A certain claim against the Estate of John G. Spicer for certain Bank Book Deposits, value as yet undetermined."

Several years after filing it, he collected on account of the claim thus described $16,370.51.

In his administration account, he debited himself with this sum, as follows :—

"1904—Feb. 21. To cash from Estate of John G. Spicer representing accrued interest on Savings Bank books, $16,370.51."

The heirs at law of the intestate appealed from a decree allowing this account, on the sole ground that the account was not in proper form by reason of the fact that this item was described without sufficient particularity.

In 1900 the law in respect to inventories of estates of deceased persons was that " an inventory of all the property, including choses in action, of the estate of every deceased person and every insolvent debtor, shall be made by the executor, administrator, or trustee, which property, except the choses in action, shall be appraised by two or more disinterested persons, under oath, appointed by the court, and said inventory shall be sworn to by such executor, administrator, or trustee, and deposited with the court within two months after the acceptance of his bond." Revision of 1888, § 578. In the Revision of 1902, the words "except the choses in action" were dropped from this statute. General Statutes, § 323. In 1905 they were restored. Public Acts of 1905, p. 247, Chap. 4.

The inventory of the estate of Clarissa Spicer was filed, therefore, at a time when no appraisal was made of choses in action. With respect to the claim which it included against the estate of John G. Spicer, the administrator was accountable for whatever he might collect or ought reasonably to have collected. He has so accounted, and his inventory and account, taken together, as they should be, sufficiently exhibit the condition of the estate. *Atwater v. Barnes*, 21 Conn. 237. It does not appear from the record whether the amount with which he debited himself represents a lump sum, accepted by way of settlement, or is made up of a number of specific items ; nor was it, as matter of law, necessary that it should so appear, when the source from which it was derived, and its general nature, were so clearly described.

The Superior Court corrected certain errors in the ac-

count, but found none in respect to the particular entry now in question. This being so, it is unnecessary to inquire whether, in view of General Statutes, § 323, an additional inventory and appraisal should have been filed, upon the collection of the claim. The way to raise that question would be by quite a different proceeding. *Moore* v. *Holmes*, 32 Conn. 553.

There is no error.

In this opinion the other judges concurred.