J. Gregory Lynch, Administrator (Estate of Charles J. Drumm) v. Elizabeth A. Skelly et al.

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued November 6—decided December 4, 1951

*James T. Healey,* with whom were *Frank T. Healey, Jr.,* and, on the brief, *Patrick Healey,* for the appellant (plaintiff).

*Alfred L. Finkelstein,* for the appellees (defendants).

INGLIS, J. The complaint in this action, dated January 19, 1949, is in three counts. In each it is alleged that the plaintiff has been duly appointed and has qualified as administrator of the estate of Charles J. Drumm, deceased. The first alleges that the defendants wrongfully seized about $11,050 belonging to the decedent, the second that the defendants hold that money under an implied trust for the decedent, and the third that the defendants obtained the money by the exercise of undue influence. The plaintiff claims an accounting, damages and other equitable relief. The answer, in addition to a general denial, contains five special defenses. Two of these are that the plaintiff had filed no inventory in the Probate Court prior to the institution of the action and, in particular, had not inventoried the claim sued upon. Demurrers to these defenses were overruled. The reply admits these allegations but alleges by way of "Additional Averment" that the plaintiff did inventory the claim on February 21, 1951. Thereupon judgment was entered for the defendants on the pleadings on the ground that the filing of an inventory of a claim by an administrator is a condition precedent to the institution of a suit by him thereon. The controlling question on this appeal is whether that ruling was correct.

Section 6987 of the General Statutes reads: "An inventory of all the property of every deceased person and insolvent debtor, except real estate situated outside the state, duly appraised, shall be made and sworn to by the executor or administrator or trustee and by him filed in the probate court having jurisdiction of the estate of such deceased person or insolvent debtor within two months after the acceptance of the bond or other qualification of such fiduciary. . . ." It goes on to provide that the Probate Court shall send a certified copy of the inventory and appraisal to the state tax

commissioner and "[w]ithin sixty days after the receipt of such copy by the tax commissioner, he or any party interested may file in such court a writing setting forth in detail such objections as he may have to the acceptance of such inventory or appraisal."

This statute clearly imposed upon the plaintiff the duty to inventory the claim which his decedent's estate had against the defendants even though that claim may have been of uncertain value. See *Spicer's Appeal,* 80 Conn. 620, 622, 69 A. 936. Although the better and more orderly procedure would be to inventory a chose in action before suit is brought upon it, it does not follow that inventorying is a condition precedent to instituting the action. The statute does not so provide in express terms. While a penalty is imposed upon any administrator who fails to comply with its terms (§ 6988), nothing is said concerning the effect, upon a suit brought by the administrator to collect a chose in action, of his failure to inventory it.

We have said that the inventory required by § 6987 "is the basis and foundation upon which all the other proceedings prescribed by the statute, or requisite to be had, rest and depend." *Frisbie* v. *Preston,* 67 Conn. 448, 455, 35 A. 278; see also *Bankers Trust Co.* v. *Greims,* 110 Conn. 36, 43, 147 A. 290. The proceedings referred to are proceedings in the Probate Court. The statute requires an inventory so that the records will disclose what assets the administrator is charged with and must account for, thereby protecting against fraud, so that after his accounting there will appear what specific property is left for distribution, and so that there will be a basis upon which the tax commissioner may assess the succession tax. The requirement for an inventory is, therefore, for the protection of those interested in the estate as distributees or creditors. *Atwater* v. *Barnes,* 21 Conn. 237, 242; *Hopkins' Appeal,* 77 Conn.

644, 655, 60 A. 657; *Moore* v. *Holmes*, 32 Conn. 553, 559. It is not intended for the protection of those, like the defendants, against whom the estate has claims. That this is so is abundantly clear from the fact that the statute contemplates that objection to the acceptance of the inventory by the Probate Court may be made only by the tax commissioner or "any party interested." Inasmuch as it is not within the power of the Probate Court to determine the validity of a claim which is an asset of a decedent's estate, no alleged debtor of an estate can be held to have any interest in whether the claim against him is inventoried. He is not adversely affected by the inventorying of the claim against him. *Searle* v. *Crampton*, 118 Conn. 42, 46, 170 A. 480; *Gold's Appeal*, Kirby 100, 103. It is not the purpose of the statute to vest in such debtor any interest in the inventorying of the claim against him. There is nothing, therefore, in either the express words or the implications of the statute which requires that a chose in action belonging to a decedent be inventoried by the administrator of his estate before an action thereon is instituted.

It is basic in our probate law that the legal title to the personal property of a decedent, including choses in action, vests in his administrator or executor. *Blodgett* v. *Bridgeport City Trust Co.*, 115 Conn. 127, 144, 161 A. 83; *Hawley* v. *Burgess*, 22 Conn. 284, 289; *Roath* v. *Smith*, 5 Conn. 133, 135; 2 Locke & Kohn, Conn. Probate Practice, § 264. Such vesting occurs in the case of intestate estates not later than the time when the administrator is appointed and qualifies. It occurs before an inventory is filed. Accordingly, at the time this action was instituted the plaintiff as administrator had the legal title to the chose in action sued upon. The right to sue thereon was complete in him. If it be assumed that the cause of action which the deced-

ent had against the defendants was good in substance, it remained a valid claim against them after his death. Their liability thereon continued whether the claim was inventoried or not. That substantive liability could be in no way affected by the inventorying of or the failure to inventory the chose in action. See *Rhodes* v. *Seymour,* 36 Conn. 1, 7. In so far as substance is concerned, therefore, the situation is one in which the defendants were indebted on the chose in action and the plaintiff held the title to it. Under such circumstances he clearly was entitled to sue upon it whether he had inventoried it or not. *Patten* v. *Cox,* 9 Tex. Civ. App. 299, 304, 29 S. W. 182.

The defendants rely very largely upon the following excerpt from the opinion in *Gold's Appeal,* Kirby 100, 103, a case decided in the Superior Court in Fairfield County in 1786. "In case the estate belonged to the intestate, the administrator could not prosecute his claim or apply the property for the payment of debts (if necessary) until it was inventoried." The case was not one in which an administrator was seeking to enforce a claim against a debtor of the estate. The sole question involved was whether the Probate Court should accept an inventory which listed land which, it was claimed, the decedent had transferred while incompetent. The quoted statement, therefore, was purely dictum, and, in so far as it relates to the prosecution of claims before they are inventoried, it was not a correct statement of the law.

The defendants also rely upon *Frisbie* v. *Preston,* 67 Conn. 448, 455, 35 A. 278, and a quotation from the opinion in that case contained in *Bankers Trust Co.* v. *Greims,* 110 Conn. 36, 43, 147 A. 290. The statement quoted in the *Bankers Trust Co.* case is only to the effect that the inventory forms the basis for all subsequent proceedings in the administration of an estate in the

Probate Court, as stated above. The *Frisbie* case is not in point. It involved the question whether the estate of a deceased insolvent person was liable to a creditor who had failed to present his claim within the time limited. The creditor was proceeding under a statute (Rev. 1888, § 588) which authorized the payment of a late claim out of only such property of the deceased as had not been listed in the original inventory. The statute required as one step in the procedure that the administrator, executor or trustee "make an additional inventory of such newly discovered estate." Accordingly, it was held that the filing of such additional inventory was a prerequisite to the plaintiff's maintaining his claim because the statute specifically required it. The case has no relevance to an action brought by an administrator against one claimed to be indebted to his decedent.

We conclude, therefore, that the filing of an inventory is not a condition precedent to an administrator's right to enforce his claim against a person indebted to his decedent on account of a chose in action.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer to the second and third special defenses and then proceed in accordance with law.

In this opinion the other judges concurred.