[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS (#101)
CT Page 8151
 I. Factual and Procedural History
Presently before the court is the defendants' motion to dismiss, which was filed on February 24, 1998 with a supporting memorandum.[1] The defendants claim that the plaintiff has no standing to assert the claims set forth in counts one through six of the complaint, and therefore, the court does not have subject matter jurisdiction over this action.
This action was commenced by the plaintiff Frank GIORDANO, Administrator c.t.a. of the Estate of Carl V, GIORDANO. Jr. against the defendants. Carol Bittner (Carol) and Donald W. Bittner (Donald). who are shareholders, officers and directors of C M Warehouse, Inc., a Connecticut corporation (C M), by writ, summmons, and complaint dated January 28, 1998. The complaint alleges that, prior to Giordano's death in December, 1995. GIORDANO owned 50 percent of the outstanding shares of the Class A and Class B stock in C M. and that those shares are now owned by the plaintiff administrator; and that at all relevant times. Carol owned 1/3 percent of the outstanding shares of the Class A and Class B stock and Carl owned 16 2/3 percent of the outstanding shares of the Class A and Class B stock. The complaint further alleges breach of a fiduciary duty (count I), violation of General Statutes § 42-110b, the Connecticut Unfair Trade Practices Act ("CUTPA") (count II), tortious interference with business expectancies (count III). intentional misrepresentation (count IV). negligent misrepresentation (count V), and civil conspiracy (count Vl).
The defendants have moved to dismiss all counts. The plaintiff has filed a memorandum in opposition to the motion to dismiss. Supplemental memoranda were filed by the parties and oral argument was held. For the reasons which follow, the motion is granted as to count three and denied as to the other counts.
 II. DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, CT Page 8152590 A.2d 914 (1991). "A motion to dismiss tests, inter alia,. whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case."Sadloski v. Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993).
"When a [trial] court decides a jurisdictional question raised by a pre-trial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (internal quotation marks omitted.) Antinerella v. Rioux,229 Conn. 479, 489, 642 A.2d 699 (1991). "The motion to dismiss. . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
The defendants contend in their memorandum that the court lacks subject matter jurisdiction because (1) the plaintiff does not have authority to bring this action under the terms of the will; and (2) the probate court has not authorized this action.
The defendants have cited no authority to support the proposition that the plaintiff is not entitled to bring this action. "[L]egal title to the personal property of a decedent . . . vests in his administrator or executor. . . ."Lynch v. Skelly, 138 Conn. 376, 379, 85 A.2d 251 (1951). An administrator's role "is to protect the estate for the benefit of all those interested in it. . . ." Kleinman v. Marshall,192 Conn. 479, 483, 472 A.2d 772 (1984). See also R. Folsom, Connecticut Estates Practice, Probate Litigation (1992) § 4.1, p. 120 ("Probate fiduciaries are frequently involved in litigation. They may sue and be sued in their representative status.") General Statutes § 52-106 expressly provides: "An executor, administrator, or trustee of an express trust may sue or be sued without joining the persons represented by him and beneficiary interested in the action." Because administrators may sue in their representative status, the plaintiff does not lack standing to assert the claims on these grounds. The defendants' argument to the contrary has no merit.
The defendants further contend that the court lacks subject matter jurisdiction because the plaintiff is exceeding his authority as administrator in bringing this action as he is not representing the interests of the estate. Whether the plaintiff CT Page 8153 is exceeding his authority as administrator is a factual issue. The defendants. however have not submitted affidavits in support of this allegation, and while arguing before this court at the Short Calendar hearing held on March 23, 1998, withdrew their request for an evidentiary hearing. "It is fundamental that when issues of fact are disputed, due process requires an evidentiary hearing. . . ." Bradley's Appeal from Probate, 19 Conn. App. 456,467, 563 A.2d 1358 (1989). Therefore, this court cannot make a factual finding as to whether the plaintiff is exceeding his authority as administrator based solely upon the memoranda and documents submitted by the parties, and this claim fails.
The defendants further contend that the plaintiff is without authority to bring this action as "he does not represent 50 percent of C M" as recited in his complaint. Construing the allegations in the pleadings most favorably to the plaintiff, however, it is evident that prior to his death in December of 1995, GIORDANO complaint. Construing the allegations in the pleadings most favorably to the plaintiff, however, it is evident that prior to his death in December of 1995, Giordano was the owner of 50 percent of the outstanding shares of both the Class A and Class B stock in C M Warehouse, Inc., and that those shares are now held and controlled by the plaintiff administrator. In addition, the inventory of Giordano's estate submitted to the probate court states: Interest in C M Warehouse, 50% . . . [$]150,000.00. . . ." (Defendants' Exhibit C.) Thus, the plaintiff does not lack standing to assert the claims on this ground.
Finally, in their reply memorandum, the defendants contend that the plaintiff does not have standing to assert a personal action against the corporation or its other shareholders. According to the defendants, the actions in counts one through six could only be brought as a shareholder derivative action on behalf of the corporation.
"Derivative actions are governed by [General Statutes] §52-572j. Under § 52-572j, a shareholder who believes that the corporation has been harmed by the actions of corporate officers, directors, or third parties may bring suit on behalf of the corporation, should the corporation fail to do so itself. In contrast, in order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from that suffered by any other shareholder or by the CT Page 8154 corporation." Fink v. Golenbock, 238 Conn. 183, 200-01,680 A.2d 1243 (1996).
"A distinction must be made between the right of a shareholder to bring suit in an individual capacity as the sole party injured, and his right to sue derivatively on behalf of the corporation alleged to be injured. . . . Generally, individual stockholders cannot sue the officers at law for damages on the theory that they are entitled to damages because mismanagement has rendered their stock of less value. since the injury is generally not to the shareholder individually, but to the corporation — to the shareholders collectively, . . . . In this regard, it is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding `secondarily,' deriving his rights from the corporation which is alleged to have been wronged. . . . It is, however, well settled that if the injury is one to the plaintiff as a stockholder, and to him individually, and not to the corporation, as where an alleged fraud perpetrated by the corporation has affected the plaintiff directly, the cause of action is personal and individual." (Citations omitted) Yanow v. Teal Industries. Inc.,178 Conn. 262, 281-82, 422 A.2d 311 (1979).
In the present case, counts one, four, five and six are grounded upon breach of a fiduciary duty, intentional and negligent misrepresentation and conspiracy to commit wrongful acts including misrepresentation. In paragraph ten of count one, which is incorporated into counts two through six, the complaint alleges that the defendants knowingly maliciously and intentionally mismanaged and misused corporate assets and prohibited the plaintiff from participating in the management of the corporation. In paragraphs 16 through 19 of count four, which are incorporated into counts five and six, the complaint alleges that the defendants knowingly made false representations with the intent to deceive the plaintiff and induce his reliance and that the plaintiff reasonably relied on those representations. In paragraphs 22 and 23 of count five, which are incorporated into count six, the complaint alleges that the defendants, with the intent to induce the plaintiff's reliance, made representations and knew or should have known that there were no reasonable grounds for believing that the representations were true, and that the plaintiff reasonably relied on those representations. In paragraphs 24 through 26 of count six, the complaint alleges that the defendants wilfully and knowingly conspired to commit CT Page 8155 the wrongful acts alleged in counts one through five.
Such alleged intentional and negligent misrepresentation and intentional and malicious mismanagement and misuse of corporate assets appear to violate the duty the defendants owed to the corporation and its shareholders. See Fink v. Golenbock, supra,238 Conn. 201-02. See also Pacelli Bros. Transportation. Inc. v.Pacelli, 189 Conn. 401. 407, 456 A.2d 325 (1983) (officers and directors occupy a fiduciary relationship to the corporation and its stockholders). The plaintiff alleges that the decedent's estate has been and continues to be individually harmed by the defendants' wrongful conduct. In order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from and other shareholder or the corporation. The Yanow court held that when an alleged fraud "has affected the plaintiff directly the cause of action is personal and individual." Yanow v. Teal Industries. Inc., supra,178 Conn. 282. The claims in counts one, four, five and six state causes of action that are direct and personal to the decedent's estate. Id., 283. Thus, the defendants' motion to dismiss counts one, four, five and six must be denied.
In count two of the plaintiff's complaint, which incorporates paragraphs one through ten of count one, the plaintiff alleges that the defendants "engaged in or intend to engage in unfair and deceptive trade acts and practices in one or more of the following ways: . . . (a) Breaching their fiduciary duty as alleged herein; (b) Interfering with the Corporation's business expectancies; (c) Using funds of the Corporation for the personal benefit of the defendants; and (d) Failing to accord the plaintiff the rights and entitlements of a shareholder to access and inspect records of the Corporation." (Complaint, count II, ¶ 11.)
"CUTPA provides a private cause of action to `[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice. . . .' General Statutes § 42-110g
(a). A `person' is defined as, `a natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity. . . .' General Statutes § 42-110a
(3). `CUTPA, by its own terms, applies to a broad spectrum of commercial activity. The operative provision of the act, [General Statutes] § 42-110b (a), states merely that `[n]o CT Page 8156 person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce' Trade or commerce, in turn, is broadly defined as `the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commmodity or thing of value in this state.' General Statutes § 42-110a (4). The entire act is remedial in character; General Statutes § 42-110b (d). . . and must `be liberally construed in favor of those whom the legislature intended to benefit.'" Fink v. Golenbock, supra.238 Conn. 212-13.
In Fink, the plaintiff and Robert B. Golenbock each owned 50 percent of a corporation. Golenbock, a director of the corporation, violated the duty of care he owed to it by preventing the plaintiff from participating in the business of the corporation, using corporate assets to establish a new corporation. losing corporate funds in speculative investments and falsely informing the corporation's clients that the corporation no longer existed. Id., 201-02. The plaintiff brought a derivative action suit on behalf of the corporation against Golenbock, claiming that he wrongfully converted the assets of the corporation, tortiously intertered with the reasonable business expectancies of the corporation, had been unjustly enriched, and violated CUTPA. Characterizing the action as a dispute over the internal governance of the corporation, Golenbock argued that his actions were not covered by CUTPA. The Fink court rejected that arguement reasoning "Golenbock's actions went well beyond governance of the corporation, and placed him in direct competition with the interests of the corporation." Id., 213. "Accordingly, [it] conclude[d] that Golenbock's actions fell within the purview of CUTPA." Id., 215.
In the present case, viewing the allegations in the complaint most favorably to the plaintiff, it is evident that the conduct of the defendants, which included breaching their fiduciary duty, interfering with the business expectancies of C M Warehouse, Inc. and using the corporation's funds for their personal benefit, falls within the purview of CUTPA. See Fink v.Golenbock, supra, 238 Conn. 213-15. Moreover, "[a] breach of fiduciary duty in any relation covered by CUTPA is likely to be deceptive or unfair." 1 R. Langer, J. Morgan D. Belt. Connecticut Unfair Trade Practices Act (1994) § 4.13, p. 163.
CT Page 8157
As to whether a CUTPA claim must be brought as a derivative or a direct action, the defendant argued in Fink that "because the corporation was a closely held professional corporation in which the plaintiff and Golenbock were the only outstanding shareholders, each holding 50 percent of the outstanding stock, any injury claimed by the plaintiff to have been caused by Golenbock would necessarily be an individual injury and not an injury to the corporation." Fink v. Golenbock, supra,238 Conn. 202. The Fink court disagreed and wrote:"If we were to accept this argument, shareholders of a closely held corporation would rarely, if ever, be able to sue on behalf of the corporation when the other shareholders acted in a manner detrimental to the corporation. Because we believe that result to be undesirable, we reject Golenbock's argument. Rather, we recognize that there may be some instances in which the facts of a case give rise either to a direct action or to a derivative action such as when an act affects both the relationship of the particular shareholder to the corporation and the structure of the corporation itself causing or threatening injury to the corporation." Id.
In the present case, the plaintiff alleges that he has been prohibited from participating in the management of the corporation, which affected and continues to affect his rights as a stockholder in C M. Because these allegations state a claim for an injury to the plaintiff individually, count two states a direct cause of action against the defendants, in addition to derivative claims. Fink v. Golenbock, supra, 238 Conn. 202. Thus, the defendants' motion to dismiss count two must be denied.
In count three, the plaintiff's complaint alleges that the defendants "knowingly, willingly and tortiously interfered with the business expectancies of [C M]. . . . Such business expectancies, include, but are not limited to [C M's]: (a) Right to pursue its lawful business and to secure the earnings of the industry; (b) Right to provide services to present customers and clients; and (c) Right to reasonably expect repeat business from said customers and clients."[2] "In order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from that suffered by any other shareholder or by the corporation." Fink v. Golenbock, supra,238 Conn. 201.[3] The court is mindful that in cases involving closely held corporations, the impact of almost any injury will fall heavily upon its shareholders; however, the plaintiff's allegations of harm are directed only to C M, and not to the CT Page 8158 decedent's estate. The plaintiff has not demonstrated that he has the requisites for standing to bring or maintain a derivative action in the name of the corporation; see, Barrett v. SouthernConnecticut Gas Co., 172 Conn. 362, 370-371, 374 A.2d 1051
(1977), General Statutes § 52-572j, and §§ 33-720-727; nor, has he alleged such a derivative action. As the allegations in count three do not support a direct action by the plaintiff against the defendants, the defendants' motion to dismiss count three must be granted.
In conclusion, the defendants' motion to dismiss is granted as to count three and denied as to the remaining counts, one, two, four, five and six.
Teller, J.