## PRISCILLA DICKMAN, SUCCESSOR TRUSTEE OF THE MARCIA K. GENERIS TRUST *v.* BRIDGET GENERIS, INDIVIDUALLY AND AS EXECUTRIX (ESTATE OF JAMES GENERIS), ET AL.

Superior Court, Judicial District of Hartford
File No. CV03-0825345S

Memorandum filed February 19, 2004

*O'Connell, Flaherty & Attmore,* for the plaintiff.

*David A. Curry* and *Frederick L. Cadman,* for the named defendant.

*McCarter & English,* for the defendant Metlife Securities, Inc.

*Day, Berry & Howard* and *Philip S. Wellman,* for the defendant Advest, Inc.

*Griffin & Griffin,* for the defendant Webster Financial Corporation.

HON. RICHARD M. RITTENBAND, JUDGE TRIAL REFEREE. The plaintiff, Priscilla Dickman, trustee of the Marcia K. Generis trust, brought a sixteen count amended complaint dated June 11, 2003, against the defendants. At the same time or shortly thereafter, those defendants each filed separate motions to dismiss. Their claims are, inter alia, that the plaintiff is not the proper party to bring the present action and that the only party entitled to bring such an action is the executor, executrix, administrator or administratrix of the estate of Marcia K. Generis, the decedent. *As to that*

*issue, the parties have agreed that there is no Connecticut appellate law on this issue, and, therefore, this is a case of first impression.*

## I

## FACTS

Marcia K. Generis (Marcia) died on May 4, 1997. James Generis (James), a son of Marcia, was both executor of Marcia's will and the executor of Marcia's estate (estate). James died on August 31, 2001, and was succeeded as administrator of the estate by attorney Christopher Stone of East Hartford. The beneficiaries of the estate were James and the Marcia K. Generis trust (trust). The trust was created on October 10, 1995. Thomas Generis (Thomas) was the sole beneficiary of the trust. Upon the death of James, the plaintiff was appointed successor trustee of the trust on January 25, 2002. The defendant Bridget Generis (Bridget) was the wife of James and was appointed executrix of James' will.

As to Bridget, individually, the first six counts of the amended complaint allege conversion, forgery, theft, civil conspiracy, aiding and abetting a breach of fiduciary duty and unjust enrichment, respectively.

Count seven alleges a constructive trust; count eight—negligence as to Webster Bank; count nine— aiding and abetting breach of fiduciary duty as to Webster Bank; count ten—violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., as to Webster Bank; count eleven— breach of contract as to Webster Bank; count twelve— breach of the implied covenant of good faith and fair dealing as to Webster Bank; count thirteen—breach of contract as to MetLife Securities, Inc.; count fourteen— breach of the implied covenant of good faith and fair dealing as to MetLife Securities, Inc.; count fifteen— breach of contract as to Advest, Inc.; and count six-

teen—breach of the implied covenant of good faith and fair dealing as to Advest, Inc.

The counts allege fraud and conversion by James as fiduciary of the estate and as trustee of the trust, fraud and conversion against Bridget, individually, and negligence and fraudulent conspiracy to accomplish breach of fiduciary duties by the various financial institutions.

## II

### STANDARD OF REVIEW

"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985). "A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *State Medical Society* v. *Board of Examiners in Podiatry*, 203 Conn. 295, 298, 524 A.2d 636 (1987). Whenever a court lacks jurisdiction over the subject matter, the court shall dismiss the action. Practice Book § 10-33.

## III

### FINDINGS

### A

### Does the Plaintiff Have Standing to Sue?

The short answer to this question is *yes*. The defendants claim that legal title to all personal property of a decedent, including choses in action (this would include claims against the various financial institutions) vests in the administrator or executor of the decedent's estate. *Lynch* v. *Skelly*, 138 Conn. 376, 379, 85 A.2d 251 (1951). They claim, therefore, that it is only the administrator or administratrix or executor or executrix who could

bring the present action. As a general rule, they are correct. There is, however, an exception to this rule that, although it has not necessarily been recognized by our Appellate Court or Supreme Court, applies when there are legitimate reasons for an exception. "After distribution, however, the action is by the beneficiaries, and even before distribution the beneficiaries have some standing" to recover personalty belonging to the estate. G. Wilhelm, Settlement of Estates in Connecticut (2d Ed. 2003) § 8:349, p. 8-140. "[T]he heirs or legatees have a legitimate interest in preventing the improper diversion of estate assets . . . . Therefore, beneficiaries are proper parties . . . to any action to recover estate assets." Id., § 8:350, p. 8-141. Additionally, there is an exception where there has been fraud, collusion or refusal to sue on the part of the administrator or administratrix or executor or executrix, or where the interests of the personal representatives are antagonistic to those of the heirs or distributees. This exception is set forth in 26B C.J.S., Descent and Distribution § 90 (2001); see also 31 Am. Jur. 2d, Executors and Administrators § 1285 (1989). This court finds, in the present case, that this exception is applicable. Much has been made by the defendants as to whether the administrator refused to sue the various defendants in the present action, and if he did not, this exception does not apply. The amended complaint, however, is replete with claims of fraud and collusion and instances where the interests of the administrator or administratrix or executor or executrix are antagonistic to those of the heirs or distributees. Paragraph nineteen of the first count alleges that Bridget wrongfully appropriated dividends and personal property. Count two alleges forgery against Bridget. Count three alleges theft against Bridget and James with money going to Bridget upon James' death. Count four alleges conspiracy against James and Bridget. Count five alleges aiding and abetting breach of fiduciary duty. Furthermore, there are

allegations of negligence against the financial institutions as well as *acts which were wilful, wanton and intentional, and exhibit a reckless indifference to the rights of Marcia and her estate*. There are additional allegations of violation of CUTPA. Certainly, therefore, the amended complaint's allegations, taken in a light most favorable to the plaintiff in a motion to dismiss, allege fraud and collusion. The aforementioned exception, therefore, is clearly applicable to the amended complaint. On this basis, the plaintiff has standing, and the motions to dismiss are denied.

## B

### Are the Defenses of Res Judicata or Collateral Estoppel Applicable to this Motion to Dismiss?

The short answer to this question is *no*. Neither res judicata nor collateral estoppel implicate a court's subject matter jurisdiction. *Rosenfeld* v. *McCann*, 33 Conn. App. 760, 762, 638 A.2d 631 (1994). Res judicata and collateral estoppel must be pleaded as special defenses. Practice Book § 10-50; see also *Ramsdell* v. *Union Trust Co.*, 202 Conn. 57, 65, 519 A.2d 1185 (1987). Accordingly, the defendants' claims of res judicata or collateral estoppel are not applicable to a motion to dismiss.

## C

### Did the Plaintiff Have to Appeal from the Probate Court's Order, Failing Which, She Could Not Bring this Separate Action?

The defendants claim that General Statutes § 45a-186 requires the plaintiff to have appealed from the actions of the Probate Court. This court is not persuaded. As the plaintiff's attorney points out, the controlling case on this issue is *Lenge* v. *Goldfarb*, 169 Conn. 218, 221, 223, 363 A.2d 110 (1975). In that case, the issue was whether 960 shares of stock were an asset of the estate. The plaintiff claimed that the decedent had given the

stock to her as a gift, and the administrator of the estate denied this allegation. The Probate Court ordered the administrator to file a supplemental inventory listing the stock as an asset of the estate. The plaintiff appealed from this order to the Superior Court. The Superior Court sustained the appeal, and the defendant, the widow of the decedent, appealed to the Supreme Court. The Supreme Court stated that she was not aggrieved because her pecuniary interests in the shares of stock were not adversely affected by the order for the supplemental inventory and ordered the Superior Court to dismiss the appeal for lack of jurisdiction. The court stated in pertinent part: "[I]t is well established that the mere inventorying of an estate has no effect upon the rights of an adverse claimant. . . . A probate court has no power to make final determination of title where title is disputed. It may make such incidental determinations of questions of title as are necessary to enable it to carry out its statutory duties . . . but such determinations have no res judicata effect and are not binding upon the adverse claimants. . . . Questions of title, not incidental to a probate court's statutory duties, are left for courts of general jurisdiction to resolve in ordinary actions at common law." (Citations omitted.) Id., 221–22. Citing *Lynch* v. *Skelly*, supra, 138 Conn. 379, the court went on to say: "The nub of the controversy is a final determination of title to the 960 shares which, as we have noted, can be resolved only in an action brought in a court of general jurisdiction . . . . *The mere listing of a questionable asset upon an inventory is not binding on adverse claimants, nor is the failure to list an asset an obstacle to bringing an action to claim that asset.*" (Emphasis added.) *Lenge* v. *Goldfarb*, supra, 223. Based on *Lenge* (research has determined that it has not been overruled and is still good law), this court finds that bringing an appeal from the Probate Court's determination as to the choses in action not

being in the inventory would have been fruitless because the Probate Court would not have had jurisdiction. Accordingly, in accordance with *Lenge*, the failure to appeal from the Probate Court decision does not preclude the present action.

### IV

### CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are denied.